## LEVI McVEY v. JOHN BURNS.

1. REPLEVIN; *Plaintiff's Right to Dismiss Action.* A plaintiff in a replevin action may, notwithstanding he has obtained possession of the property under the writ, at any time before a final submission, dismiss such action without prejudice.

2. —— *Defendant's Rights to be Protected.* Notwithstanding such dismissal, the defendant may, unless the property be restored to him, have his rights of property and possession inquired into and determined by the court.

*Error from Osborne District Court.*

BURNS brought replevin for one bay mare and one brown horse, claiming ownership and right of possession. *McVey* answered, first, a general denial, and second, that he was constable, and as such officer he had taken and held possession of said mare and horse under and by virtue of a writ of

execution issued by him upon a judgment duly rendered against said *Burns* for the costs of a certain action, (describing it.) Reply, general denial, and a special averment that the process under which defendant claimed the right of possession was void, and setting up a copy of such process. To this reply defendant demurred. At the April Term 1874 the demurrer was sustained. Afterward, when the case was called for trial, the following proceedings were had:

(*Title.*) "And now at this day this case came on to be tried, the plaintiff appearing by Smith & Knight his attorneys, and the defendant by A. Saxey his attorney; and the said defendant demanded a jury to try the case; and thereupon the plaintiff moved the court to dismiss the case without prejudice to a future action, which motion the court sustained, and ordered that the property replevied in this case be returned to the said defendant. And it is hereby ordered and adjudged by the court, that the plaintiff pay the costs of this action, to all of which the defendant excepts."

The defendant brings the case here on error. No briefs on file.

*A. Saxey*, for plaintiff in error.

*Smith & Knight*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The action below was replevin. The plaintiff there (defendant in error here,) obtained possession of the property by the writ, and then when the case was called for trial moved the court to dismiss the action without prejudice. This motion was sustained, and of this ruling plaintiff in error complains. The court at the same time that it sustained the motion to dismiss ordered that the property replevied be returned to the defendant, and that the plaintiff pay the costs of the action. We see no error in the ruling of the court. In all cases an action may be dismissed by the plaintiff without prejudice at any time before the final submission. Civil code, § 397. If a counterclaim or set-off has been presented, the defendant may proceed to the trial of his claim, notwithstanding the dismissal. Code, § 398. In a

replevin action, "if the property has been delivered to the plaintiff, and judgment rendered against him on demurrer, or if he otherwise fail to prosecute his action to final judgment, the court shall, on application of the defendant or his attorney, proceed to inquire into the right of property and right of possession of the defendant to the property taken." Code, § 184. And the court in such action, "before or after judgment, may compel the delivery of the property to the officer or party 'entitled thereto, by attachment." Code, § 188. These sections afford ample protection to a defendant in such an action, when the plaintiff elects to dismiss his suit without prejudice. In this case the record discloses no formal application under these sections. Perhaps none was made. But the court ordered the return of the property. If that order has been obeyed, surely the defendant below has no cause of complaint. If not, let him apply to that court under § 188, or bring his action on the bond, in which, notwithstanding the form of the judgment in this case, he can recover full compensation. *Marix v. Franke,* 9 Kas., 132.

The judgment will be affirmed.

All the Justices concurring.