OLSON v. THOMPSON.
(Filed February 18, 1898.)

REPLEVIN—*Promissory Notes.* The maker of promissory notes is not the owner nor entitled to the immediate possession thereof unless the same have been paid or cancelled by a decree of court, or for other reasons have become absolutely void and invalid as obligations in the hands of the payees or of third parties; and until such payment or decree, or for other reasons, such notes have become absolutely void, and actions of replevin by the maker for the recovery of the possession thereof, will not lie.
    (Syllabus by the Court.)

*C. O. Blake* and *E. E. Blake*, for plaintiff in error.

*F. E. Gillett* and *M. D. Libby*, for defendant in error.

*On Petition for Re-Hearing.*

Opinion of the court by

TARSNEY, J.: The facts in this case are sufficiently stated in the former decision of this court. (*Olson v. Thompson*, this volume, p. 74.) By that decision the rule was announced that:

"The maker of a promissory note is not the owner or entitled to the immediate possession thereof unless the same has been paid or cancelled by a court; and until such payment or order of cancellation, an action of replevin for the recovery of the possession thereof by the maker against the payee, will not lie."

After a careful re-examination of the point involved in this case, we are of the opinion that the former decision should stand, and that the law of the case was correctly stated in that decision. To entitle a person to recover the possession of specific personal property through an action of replevin, the plaintiff must allege and establish by evidence that he is the owner of the property or has a special ownership or interest therein, stating the facts in relation thereto and that he is entitled to the immediate possession of the property and that the property is wrongfully detained by the defendant. (Code Civ. Proc., art. 10, sec. 177.) The gist of the action of replevin is plaintiff's right to the immediate possession of the property at the commencement of the action, by reason of his being the owner or of his having a special ownership or interest therein. So long as an outstanding promissory note has any vitality or validity as an obligation, the maker is not the owner thereof, nor has he any special ownership or interest in it in the sense of a property interest such as entitles him to maintain replevin for its

37—

possession. The authorities relied upon by plaintiff in error, both upon the former hearing and upon the rehearing in this case, do not support their contention. While we think the rule stated in the second paragraph of the syllabus to the former opinion in this case not sufficiently broad to cover cases that might arise, and would, if unmodified, restrict the scope of the action of replevin within narrower limits than can be supported upon principle or by the authorities, we are clearly of the opinion that none of the authorities go so far as to support the contention of plaintiff in error in this case. To hold that the maker of a promissory note is not entitled to the immediate possession thereof, except in cases where the same has been paid or cancelled by a decree of court, is, we think, stating the rule too narrowly. There are other exceptions to which we might call attention. We think the true rule is that the maker of a promissory note—not void, *ab initio*—is entitled to the immediate possession of the same when it has been paid or cancelled by order of court, or when, for any other reason, it has become absolutely void and invalid as an obligation.

Undoubtedly the owner of a subsisting promissory note, other than the maker, may maintain replevin for the possession thereof against one not having a paramount right of possession, because he has a property in it; but where the possession of a note that has become invalid is sought by the maker, it is not because he claims to be entitled to it as property, (so far as his relation to it is concerned,) but because he is entitled to be protected against it as evidence of a claim. (*Sigler v. Hidy, et al.,* [Ia.] 9 N. W. 374.)

This case is cited by plaintiff in error as supporting his contention, but an examination of the case will show a material distinction in principle. In that case an action was brought by an indorsee to recover upon the promissory note. The defendants filed an answer averring that the note was obtained by fraud; that it was without consideration; and that it had been altered in a material respect by an erasure. They also filed what they called a counter-claim, setting up substantially the same facts averred in their answer, and averring also that they were entitled to the possession of the note and that the same was wrongfully detained by the plaintiff. The court held that the trial court erred in dismissing the counter-claim. That conclusion was undoubtedly correct. The defendants might have maintained an action of replevin against the plaintiff for the note, because it had become absolutely invalid as an obligation and void as to him, by reason of the material alterations alleged; and under the rule stated by the court in that case the defendants, because of such alteration, which rendered the note void, were entitled to its possession in order to be protected against it as evidence of a claim.

In this case plaintiff in error based his right to the possession of the note upon a claim that he executed the note and delivered it to the defendant under the menace of duress. If this were true, it would not make the note void, for it is not the law of this Territory that contracts to which the party obligated has not freely given his consent, or which have been obtained through duress or menace, are void, but contracts so obtained are valid unless rescinded in the manner provided by statute; they are simply voidable, not void. (Gen. St., secs. 7 and 8,

Olson v. Thompson.

art. 1, ch. 16.)   So long as the note was voidable only, and
not void, the payee, and not the maker, was entitled to
the possession.   The plaintiff in error may have a right
to have this note cancelled, but he has no right to the pos-
session of the note until such cancellation has been
decreed.

The distinction between law and equity has not been
abolished in this Territory; the modification is as to the
form of action, and the change effected is embraced in sec.
3882 of the Gen. Stat. 1893, which provides that:

"The distinctions between actions at law and suits in
equity and the forms of all such actions and suits hereto-
fore existing are abolished, and in their place there shall
be hereafter but one form of action which shall be called
a civil action."

The principles of equity are as deeply embedded in our
laws as though no such code provision existed, and he
would be regarded as a rash legislator who would propos^
the entire elimination of equity from our system of juris-
prudence. Nothing but disaster could result from a change
so radical. The elimination of distinctions in forms of
actions does not change rights of property nor change any
right to possession of property. The plaintiff could only·
prove what his petition alleged; that he was the owner
and entitled to the immediate possession of the note, and
that it was unlawfully withheld from him. This he could
not do, because the maker of an instrument voidable only
and not void, is not entitled to its immediate possession.
He might have brought his action to cancel the note, set-
ting up in his petition the facts which would war-
rant such cancellation, and when such cancellation was
ordered, the right to the possession of the note
by the defendant would have ceased, and the right

to immediate possession, by the plaintiff, would have attached; and the court, in the same proceeding, could have ordered the surrender and delivery of the note; but upon the petition filed, the court could not try the issue of the validity of the note.

For the reasons stated, the former decision of this court herein will stand and the judgment of the court be low stand affirmed.

All the Justices concurring.