M. A. STAHL v. R. E. WADE.

(Filed June 5, 1902.)

JURISDICTION OF PROBATE COURT IN FORECLOSURE OF CHATTEL MORTGAGE. Section 1562, of the Statutes of Oklahoma for 1893, provides: "The probate courts in their respective counties shall have concurrent jurisdiction with the district court in all civil cases in any sum not exceeding one thousand dollars, exclusive of costs." This provision includes the right to foreclose a chattel mortgage where the notes sued on in said court do not exceed one thousand dollars, foreclosure of chattel mortgage not being one of the exceptions mentioned in this section of the statute.

(Syllabus by the court.)

*Appeal from the Probate Court of Noble County; before H. A. Smith, Probate Judge.*

*Diggs, Morgan & Cress,* for plaintiff in error.

*H. A. Johnson,* for defendant in error.

STATEMENT OF FACTS.

This is an action commenced by plaintiff below against the defendant, in the probate court of Noble county, O. T., to recover a personal judgment on seven promissory notes for

thirty-six dollars each, and one note for thirty-eight and 5-100 dollars, and to foreclose a chattel mortgage given to secure the payment of the notes. The only defense interposed was one questioning the jurisdiction. Judgment was rendered for the plaintiff for the face of the notes, interest and costs, and an order for the foreclosure of the mortgage, to which exceptions were taken, and the plaintiff in error brings the case here for review.

Opinion of the court by

IRWIN, J.: The only question for decision in this case is, had the probate court jurisdiction under our statute to foreclose a chattel mortgage? Section 1562, Revised Statutes of Oklahoma, 1893, provides:

"Probate courts in their respective counties shall have concurrent jurisdiction with the district court in all civil cases in any sum not exceeding one thousand dollars, exclusive of costs."

To this provision the said section attaches certain exceptions, of which the foreclosure of a chattel mortgage is not specifically made one. But it is contended that the foreclosure of a chattel mortgage is an original equity suit, and for this reason is not within the jurisdiction of the probate court, because not specifically enumerated in the act giving jurisdiction to that court.

It is not necessary for us here to consider what the mode of procedure at common law was and in some of the states is as to foreclosing chattel mortgages, whether the same is regarded there as a law or equity case, as our statute was adopted from the state of Kansas, and the supreme court of that state

had given a construction to it at the time of its adoption, which divested such instruments of their common law attributes, and decided the same to be a mere security. (*Blandin, Admin. v. Wade,* 20 Kan. 254.)

Our code provides, section 4290, Revised Statutes Okla· homa 1893, under the heading of "Civil Procedure" that:

"In actions to enforce a mortgage, * * * * a personal judgment or judgments shall be rendered for the amount or amounts due, * * * * and for the sale of the property charged and the application of the proceeds."

Section 3882 of our Code provides:

"The distinction between actions at law and suits in equity and the forms of all such actions and suits, heretofore existing, are abolished, and in their place there shall be, hereafter, but one form of action, which shall be called a civil action."

We think the foreclosure is not the principal in the suit, but an incident to it; the main object is the recovery of a personal judgment for the face of the notes and interest, and the foreclosure is simply a means of satisfying or collecting such judgment, and is incident or auxiliary to the main issue, to-wit; the recovery of the personal judgment.

Now, from the reading of the statute it is plain that the court rendering the personal judgment on notes secured by chattel mortgage has the power in the same suit or action to order a sale of the mortgaged property, and to apply the proceeds. So, it seems clear to us, as the foreclosure is a mere incident to the suit, that it should not govern the question of jurisdiction; that the same is a mere incident, and not the principal thing in the suit, is sustained in the supreme court

of Kansas, in the case of *Ambrose v. Parrott,* 28 Kan. 698, where the court says:

"The note although secured by the mortgage is nevertheless the principal thing, and the mortgage is only an incident thereto, merely a security for the payment or collection of the note."

*In Andrews v. Alcorn,* 15 Kan. 351, the court says:

"A promissory note and a mortgage executed to secure the same, taken together, constitute only one cause of action."

Now the amount sued for here being less than one thousand dollars, it will not be denied the probate court had jurisdiction to render judgment for the amount of the notes, and the notes being the principal thing, and the mortgage being only an incident thereto, the principal, and not the incident, should govern the question of jurisdiction, and bring the whole matter within the term "a civil action" as defined in our statute.

There being no other assignment of error, and in our judgment this assignment not being well taken, the decision of the probate court is affirmed, and the costs of the appeal taxed to the appellant.

All of the Justices concurring.