CHARLES E. GIBSON V. JENNIE FERRELL.

No. 15,418. .(94 Pac. 783.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Intervention—Cases Not Provided for in the Code.* A district court, acting upon principles of manifest justice, may, in cases not provided for by the code of civil procedure, permit one not a party to the suit to intervene, either before or after judgment, for the protection or advancement of some right with reference to the subject-matter of the litigation which he holds.

2. —— *Diligence Must be Shown.* In such a case the application for leave to intervene must show that the applicant has . been diligent in seeking the aid of .the court.

3. —— *Discretion of the Court.* Such an application is addressed to the sound discretion of the court, and an order denying leave to intervene will not be set aside unless it clearly appears that the discretion permitted in the matter has been abused.

Error from Lane district court; CHARLES E. LOBDELL, judge. Opinion filed March 7, 1908. Affirmed.

*W. H. Russell,* for plaintiff in error.

*J. S. Simmons,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: In December, 1903, Charles M. Smith, a tax-deed holder in possession, brought a suit to quiet his title to certain real estate. He made H. Lewellyn Jones, assignee of the Farmers' Loan and Trust Company, and Jennie White defendants, with other persons. The amended petition stated that the interest of Jones, assignee, in the land arose by virtue of a mortgage thereon for $150, executed by Jennie White, and set forth facts showing that all remedies for the enforcement of the mortgage were barred by the statute of limitations. Jones, assignee, and Jennie White were served by publication. Jones appeared, the plaintiff effected an adjustment of the controversy with him

whereby his claims were satisfied, and on October 11, 1904, judgment was rendered quieting the plaintiff's title against the defendants and all persons claiming under them.

Afterward, and in due time, Jennie White, who had become Jennie Ferrell, procured the judgment to be opened up and was given leave to defend. Her answer attacked the plaintiff's tax deed as void on its face, and prayed that her title be established against the plaintiff and all her codefendants. Judgment was rendered on July 16, 1906, setting aside the tax deed as a conveyance, giving the plaintiff a first lien for taxes, and quieting Ferrell's title except as to this lien.

At the succeeding term of court, and on October 9, 1906, Charles E. Gibson filed a motion for leave to intervene, which reads thus:

"Comes now Charles E. Gibson and moves the court to open up the judgment heretofore rendered in this action, and to let the said Gibson in to defend in said action and to file an interplea therein, setting up a first mortgage of $150 on said premises, made, executed and delivered to the defendant, the Farmers' Loan and Trust Company, of Kansas, and by it assigned, long prior to the commencement of this action, to Mrs. —— Griswold, who at the time of the commencement of said action had died, and which said mortgage was thereafter assigned, and is now held by, and is the property of, the said Gibson. That no notice of any kind was given the estate of the said Griswold, or her legal representatives, of the pendency of said action; that H. Lewellyn Jones, as assignee of the said the Farmers' Loan and Trust Company of Kansas, appeared in said action and defended his interest as such assignee to protect a second mortgage, and that only, and that as a result of such appearance, and during the pendency of said action, he sold the interest of said company in said second mortgage to the plaintiff herein, and informed plaintiff that said company had no interest in, and was not the owner of, the said first mortgage on said premises, but that the same had been transferred by it long prior thereto; that no intervening rights have been acquired on the faith of the said judgment heretofore rendered herein."

The motion was presented to the court the day it was filed, and after due consideration was denied. Gibson prosecutes error.

The application to intervene falls within no provision of the code of civil procedure, but notwithstanding this fact a district court, acting upon principles of manifest justice, may in cases not covered by the code permit one not a party to the suit to intervene, either before or after judgment, for the protection or advancement of some right with reference to the subject-matter of the litigation which he holds. In all cases lying without the purview of the statutes the application for leave to intervene must necessarily be addressed to the sound discretion of the court. The applicant must show himself to be in a situation which appeals to the conscience of the court. He should at least disclose, and if required to do so should satisfy the court that he possesses, a substantial right to be conserved by the intervention; that a remedy may be afforded him in the pending proceeding consistent with its object and purpose; that the intervention will not unduly interrupt or retard the orderly conduct of the proceeding or result in the frustration of what already has been properly and regularly accomplished by the suit; and especially that the applicant appears with clean hands and has been active in seeking the aid of the court. The preliminary motion or petition need not exhibit the applicant's claim and the relief to which he deems himself entitled with the fulness and accuracy demanded in a pleading; but unless excused by the court it ought to be verified, and merit, good faith and diligence must always clearly appear.

In the present case the action had been pending for more than two and a half years before the application to intervene was presented; final judgment had twice been rendered, and the term at which the last judgment had been entered had lapsed. Still the applicant sought to have the result of the proceeding entirely overturned, and to begin the litigation anew, without

offering the slightest reason or excuse for his delay. So far as the motion discloses the applicant may have been sitting by during the entire period the suit was pending, watching the progress of events, waiting to see what would develop, and only after the end had been reached and he found the result to be unsatisfactory did he conclude to try his own hand. The motion having been addressed to the discretion of the court, its ruling cannot be reversed without a clear showing that it abused its authority. Manifestly the applicant withheld altogether too much for this to be said.

The case of *Erving v. Windmill Co.*, 52 Kan. 787, 35 Pac. 800, is appealed to in the argument in support of the motion. There the intervenor had no notice of the pendency of the suit. At the first opportunity he presented his application, tendered a formal pleading and was actually made a party for the purpose of protecting an admitted first lien. Meantime a codefendant in the same situation had given a bond to indemnify the plaintiff in the action against loss occasioned by the delay of the proceeding. With the case in that condition the court revoked the permission to intervene, and of course that order was held to be erroneous.

The plaintiff in error contends that the trial court had no power to enter a judgment quieting title against a mortgage at the suit of a tax-title holder who merely pleaded the statute of limitations, and had no power to adjudge a tax deed plainly void on its face to be valid. Manifestly this is not true. The court might err in deciding who may plead the statute of limitations, what grounds are sufficient upon which to base a decree quieting title, and what recitals are sufficient to make a good tax deed, but it had jurisdiction to decide those questions and was obliged to decide them. It could not lose jurisdiction the moment it commenced to pronounce an erroneous judgment.

The defendant in error contends that after the term

goes by a judgment cannot be opened except by pursuing some method prescribed by statute. Since she succeeds upon other grounds, doubtless she will not complain that the question is not discussed.

The judgment of the district court is affirmed.