## HOUSE v. SCANLAN.

No. 2175.   Opinion Filed October 15, 1912.

(127 Pac. 481.)

1.   GARNISHMENT—Proceedings to Support or Enforce—Answer—Effect. The law indulges no presumption that a garnishee is liable, but his liability must be made affirmatively to appear in order to justify a judgment against him, and the uncontradicted answer or disclosure of the garnishee, upon which no issue has been taken, is presumed to be absolutely true, and, where such answer or disclosure shows no liability on his part, he is entitled to be discharged.

3.   SAME. Where a garnishee answers that he is not indebted to the defendant in any manner, and the plaintiff failed to give the statutory notice that he elected to take issue on the answer, the conclusiveness of the facts therein stated cannot be questioned in any subsequent proceeding.

3.   GARNISHMENT—Proceedings to Procure—Bond.  A garnishment affidavit without the bond required by statute is not sufficient to confer jurisdiction on the court to issue a garnishee summons.

(Syllabus by Robertson, C.)

*Error from Creek County Court;*
*Josiah G. Davis, Judge.*

Action by Dennis F. Scanlan against R. S. House, as garnishee.  Judgment for plaintiff, and the garnishee brings error. Reversed.

On May 11, 1909, a judgment was rendered in the county court of Creek county in favor of Dennis F. Scanlan and against Henry Jackson and R. B. Broyles in the sum of $242.67.  On July 6, 1909, Dennis F. Scanlan assigned said judgment to B. K. Scanlan, said assignment being duly recorded in the county court, where the judgment was rendered.  On October 6, 1909, Dennis F. Scanlan, for and on behalf of B. K. Scanlan, filed an affidavit in garnishment in said court, alleging that R. S. House had money, property, credits, etc., in his possession belonging to said judgment debtors, and which was liable to and not exempt from an execution, and which should be applied to the satisfaction of said judgment.  Summons issued and was served, and the garnishee filed his answer on October 14, 1909, denying that he had in his possession any money, property, or credits belonging to said judgment debtors.  On December 1, 1909, without leave of court and without excuse for delay, and long after the time for filing had elapsed, there was filed in said court for and on behalf of the judgment creditor an instrument purporting to take issue with the allegations of the garnishee's answer, as filed on October 14, 1909, but no action thereon was ever taken by the court.  On March 10, 1910, a second affidavit in garnishment was filed by Dennis Scanlan in his own name, nor does it purport to be filed for B. K. Scanlan, the owner of said judgment.  No new bond in garnishment was made, or filed, for this second proceeding.  On March 10, 1910, garnishment summons issued and was served, and the garnishee appeared on April 2, 1910, and filed his second answer.  On April 23, 1910, notice to

take issue on said second answer was served and filed, and on May 31, 1910, upon issue so joined, a hearing was had before the court, which resulted in a judgment against the garnishee in the sum of $211. Motion for new trial was presented and overruled, and the garnishee brings error.

*C. B. Rockwood* and *McDougal, Lattimore & Lytle,* for plaintiff in error.

*Thompson & Smith* and *Hughes & Miller,* for defendant in error.

Opinion by ROBERTSON, C. (after stating the facts as above). The first assignment of error presents the question: Under our statute, when a garnishee appears and answers, and no issue, as provided by law, is taken on said answer, is not said answer conclusive as to the matters therein stated, and does not the issue raised by the pleadings thereby become *res adjudicata* as between the parties? In *Central Loan & Trust Co. v. Campbell Com. Co.,* 5 Okla. 396, 49 Pac. 48, this court, in discussing this proposition, said:

"No notice having been given to the garnishee by the plaintiff of his intention to take issue on the garnishee's answer in this cause filed, and no issue having been made thereon, under the foregoing provision of the statute, said answer must be taken as conclusive as to the truth of the facts stated therein, and such answer must be held as conclusively showing that the defendant did not own and had no interest in the property attached, and that no debts or liabilities were owing to him by such garnishees."

While in *Davis v. Lilly,* 17 Okla. 579, 87 Pac. 302, the matter is effectually disposed of by Hainer, J., in the following language:

"Numerous errors are assigned and argued by counsel for plaintiff in error, but we are of the opinion that it is only necessary to consider one of them, as that disposes of this appeal. It is contended by the plaintiff in error that the court erred in not discharging him on his answer and the petition of plaintiff, since the plaintiff failed to serve the statutory notice that he elected to take issue on the garnishee answer. It appears from the record that no notice was served by the plaintiff upon the garnishee or his counsel in writing or otherwise within twenty days, as provided

by the statute, that the plaintiff elected to take issue on his answer. Section 4382 of Wilson's Annotated Statutes of 1903 provides as follows: 'The answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated, unless the plaintiff shall, within twenty days, serve upon the garnishee a notice in writing that he elects to take issue on his answer; in which case the issue shall stand 'for trial as a civil action, in which the affidavit on the part of the plaintiff shall be deemed the petition, and the garnishee's affidavit the answer thereto.' Section 4379 provides that where the garnishee files his answer, under oath, within the time required by statute, that he is not indebted in any manner to the defendant, and that he has no real or personal property, effects, or credits under his control, that the proceeding in garnishment shall be deemed discontinued, and the plaintiff shall pay the garnishee $2 for his costs, unless within twenty days thereafter the plaintiff serve notice on such garnishee that he elects to take issue on his garnishee answer and will maintain him to be liable as garnishee, in which case the issue shall stand for trial as a civil action in which the affidavit on the part of the plaintiff shall be deemed the petition, and the garnishee's affidavit the answer thereto. These provisions of our statute are plain, specific, and mandatory. But it is argued by the defendants in error that these provisions of the statute were waived, because counsel for the garnishee consented to the appointment of a referee. This contention is clearly untenable. In an action of this kind, two distinct and different issues are presented—one between the plaintiff and defendant, and the other between the plaintiff and garnishee. Hence the appointment of a referee to hear and determine the issue involved in this case, and to report his findings of fact and conclusions of law thereon, with the consent of the parties, did not waive any rights that the plaintiff in error had under the provisions of our statute as garnishee. The objection, therefore, by counsel for plaintiff in error to the introduction of any testimony, ought to have been sustained, and, when the fact was called to the attention of the court that no notice was given as the statute requires that the defendant elected to take issue on the answer of the garnishee, the plaintiff in error should have been discharged as such garnishee. In 20 Cyc. 1097, the general doctrine is thus clearly and forcibly stated: 'The law indulges no presumption that the garnishee is liable, and his liability must be made affirmatively to appear in order to justify a judgment against him, and the uncontradicted answer or disclosure of the garnishee upon which no issue has been taken is presumed to be absolutely true, and, where such answer or

House v. Scanlan.

disclosure shows no liability on his part, he is entitled to be discharged.' * * * And since the garnishee, the plaintiff in error, answered that he was not indebted to the defendant in any manner, and the plaintiff failed to give the statutory notice that he elected to take issue on the answer, the conclusiveness of the facts therein stated could not be questioned in any subsequent proceeding, and therefore the findings of fact and conclusions of law thereon by the referee were entirely outside of the issues, and hence a nullity. It follows that the garnishee, the plaintiff in error, should have been discharged upon his answer, and that the court erred in rendering judgment against him. The judgment of the district court is reversed, and the cause remanded, with directions to set aside and vacate the judgment in so far as it affects the rights of the garnishee, Davis, and to enter judgment discharging him, with all costs."

If the failure to take issue on the first answer filed by the garnishee on October 14, 1909, became a former adjudication, which the foregoing authorities seem to positively hold, then it necessarily follows that the court thereafter had no jurisdiction over the subject-matter, and all acts pertaining thereto after October 14, 1909, were *coram non judice*. The garnishment proceeding, so far as it related to the matters and things covered by the garnishee's first answer, was dead. The second affidavit by Dennis F. Scanlan on December 1, 1909, was to all intents and purposes a new proceeding, and, as we have already seen, was void for that the issue sought to be raised had become *res adjudicata*.

And, further, there was no bond filed upon which to base a second proceeding, hence the court was without jurisdiction to hear and determine the issues attempted to be raised.

Defendant in error, in view of the foregoing, wholly failed to show that he would be entitled to a recovery of and from the garnishee in this case. If the court had no jurisdiction over the subject-matter of this controversy, its judgment, of course, is a mere nullity, and it is not necessary to consider the other assignments of error raised in the petition in error.

For the reasons above given, the judgment of the county court of Creek county should be reversed.

By the Court: It is so ordered.