### CASSIDY et al. v. THOMPSON.

No. 10314—Opinion Filed Nov. 22, 1921.

(Syllabus.)

1. **Appeal and Error—Jurisdiction—Necessity for Motion for New Trial.**

A motion for a new trial is necessary to give this court jurisdiction to review errors occurring at the trial of a case where final judgment has been rendered.

2. **Same—Garnishment Proceedings — Review.**

In a garnishment proceeding, where plaintiff gives notice of issues joined on the answer of garnishee and on an answer by defendant, and issue is joined and evidence taken and proceeding is had as provided in sections 4827 and 4832, Rev. Laws 1910, the Supreme Court has no jurisdiction to review said proceeding upon appeal unless a motion for a new trial asking the trial court to review its errors is filed in the trial court and the same is overruled and error assigned for overruling the same. Harper v. Rutland Sav. Bank, 79 Okla. 274, 192 Pac. 1101.

Error from County Court, Lincoln County; Ira E. Billingslea, Judge.

Action by S. J. Thompson against Mrs. E. J. Cassidy for broker's commission; First State Bank of Chandler, garnishee. Judg-

ment for plaintiff, and adverse parties bring error. Dismissed.

Cox & Cox, for plaintiff in error Mrs. E. J. Cassidy.

Erwin & Erwin, for defendant in error.

ELTING, J. This action was commenced in the county court of Lincoln county, state of Oklahoma, on February 9, 1918, by S. J. Thompson, defendant in error, against Mrs. E. J. Cassidy, plaintiff in error, and the First State Bank of Chandler, a corporation, garnishee, by filing of a petition by the defendant in error asking for the recovery of $200 for commission due for the sale of certain lands belonging to the plaintiff in error. There was also a garnishment proceeding commenced against the garnishee bank for the plaintiff on the 15th day of February, 1918, by the filing of a garnishment affidavit.

It appears from the record that, after evidence was taken and upon motion of the plaintiff, the county court instructed a verdict in favor of the plaintiff on the claim for commission in the sum of $200. No motion for a new trial was made to review the action of the court in so directing a verdict and judgment thereon. Afterwards the defendant, Mrs. Cassidy, filed an answer in the garnishment, and the bank, garnishee, also filed an answer. The plaintiff served notice upon the garnishee and Mrs. Cassidy that he would join issue on the answers in the garnishment proceeding, and on July 1st the county court gave judgment in the garnishment proceeding against the garnishee on the pleadings; and on July 2nd, upon motion of the garnishee to vacate and set aside said judgment, the judgment on the garnishment was vacated and set aside and evidence was introduced on the garnishment hearing, and after the introduction of the evidence and on motion of plaintiff, the court entered judgment against the garnishee. The plaintiff in error gave notice and prayed an appeal, both on the main judgment and on the garnishment proceeding, and garnishee also appealed upon the garnishment; appeal perfected and filed in this court.

No motion for a new trial was filed, either in the main action or in the garnishment proceeding. The defendant in error has moved to dismiss this cause upon four grounds: First. That the case-made was not served within any valid extension of time granted. Second. That the errors complained of were not presented to the trial court by motion for a new trial. Third. That the appeal was not filed within six months from the date of final judgment. Fourth. That the order of the trial court sustaining the garnishment is not an appealable order.

The first, third, and fourth contentions for dismissal of this appeal we will not consider herein. They may or may not be well taken. We hold that the failure to file a motion for a new trial either in the main action or in the hearing upon the garnishment is fatal to this appeal, and the same will be dismissed.

The trial of the garnishment proceeding in this case was had under sections 4827 and 4832, Rev. Laws of 1910. Section 4827 provides as follows:

"The answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated, with reference to his liability to the defendant, unless the plaintiff shall, within twenty days, serve upon the garnishee a notice in writing that he elects to take issue on his answer; in which case the issue shall stand for trial as a civil action, in which the affidavit on the part of the plaintiff shall be deemed the petition and the garnishee's affidavit the answer thereto. The plaintiff may in all cases move the court, upon the answer of the garnishee, and of the defendant, if he shall also answer, for such judgment as he shall be entitled to thereon, but any such judgment shall be no bar beyond the facts stated in such answer."

Where notice that issue will be joined upon an answer in a garnishment proceeding is given and issue is joined and evidence taken, as was done in the instant case, the garnishment proceeding is, in such a situation, the same as if it were a trial in a civil action. A jury may be empaneled, and to get such proceeding reviewed in this court it is necessary to file a motion for a new trial in the lower court, and give the trial court an opportunity to review any alleged errors.

In the case of Harper v. Rutland Sav. Bank, 79 Okla. 274, 192 Pac. 1101, the second syllabus paragraph reads as follows:

"Where a petition is filed, under subdivision 4, section 5267, Rev. Laws 1910, seeking to vacate a judgment on the grounds of fraud, practiced by the successful party in obtaining the judgment, and an answer is filed denying the allegations of the petition, and issue is joined, and after the close of the evidence in support of the petition a demurrer is filed to the evidence, as being insufficient to sustain the allegations of the petition, which demurrer is sustained, in order to have this court review the evidence adduced at the trial a motion for a new trial is necessary, and such motion and the ruling thereon must be incorporated in the case-made, and attached to the petition in error filed in this court."

Numerous authorities are cited and quoted in the above opinion in support of the holding in the same.

While the section reviewed in the cited case pertains to the setting aside of a judgment on the grounds of fraud, practiced by the successful party in obtaining the judgment, the provisions are the same as to joining issue as are provided in the above quoted garnishment statute. We know of no authorities to the contrary, and holding that a motion for a new trial is not necessary in such proceedings; and having no motion for a new trial filed in the court below reviewing the action of the trial court, either upon the main issue or the issue joined in the garnishment proceeding subsequent thereto, this appeal will, therefore, be dismissed, and it is so ordered.

HARRISON, C. J., PITCHFORD, V. C. J., and McNEILL and KENNAMER, JJ., concur.