## WHITE v. WHITE et al.

No. 17563. Opinion Filed March 6, 1928.

(Syllabus.)

Garnishment — Liability of Garnishee Limited to Amount of Indebtedness Admitted in Answer When not Controverted.

Under section 359, C. O. S. 1921, providing that the answer of a garnishee shall in all cases be conclusive of the truth of the facts therein stated, with reference to his liability to defendant, unless the plaintiff shall, within 20 days, serve upon the garnishee a notice in writing that he elects to take issue on his answer, where a garnishee an-

swers that he is indebted to the defendant in the sum of $2,500 and the correctness of such answer is not questioned, the trial court has no jurisdiction to render a judgment against the garnishee for any amount greater than that shown by the answer to be due.

Error from District Court, Woods County; Arthur G. Sutton, Judge.

Action by H. J. White against Lynn G. White; Anton Shafer, garnishee. Judgment for plaintiff, and from order modifying judgment as to garnishee, the plaintiff brings error. Affirmed.

H. A. Noah, for plaintiff in error.

Hadwiger & Hadwiger and A. J. Stevens, for defendants in error.

PHELPS, J. H. J. White brought suit in the district court of Woods county against Lynn G. White and had garnishment summons served on Anton Shafer, who filed his verified answer, stating:

"* * * That there is due a balance from this garnishee to the said Lynn G. White, in the amount of $2,500, and that there is deposited in the First National Bank of Alva, Okla., a certain contract of sale of real estate from the said Lynn G. White to this answering garnishee; that said written contract is accompanied by a warranty deed; that it is therein provided that whenever a good and sufficient warranty deed together with an abstract showing a good and merchantable title to said real estate is furnished this garnishee, that then this garnishee will pay the said Lynn G. White the sum of $2,500; that he is not indebted to the said Lynn G. White in any other manner than set out in said contract."

After the cause was called for trial, plaintiff and defendant reached an agreement and upon such agreement and on February 13, 1925, judgment was rendered in favor of plaintiff and against defendant for the sum of $2,500 with interest at the rate of 7 per cent. from September 29, 1920, and at the same time judgment was rendered against the garnishee, Anton Shafer, for the same amount, also bearing interest at the rate of 7 per cent. from September 29, 1920. Upon this judgment execution was later issued, whereupon Shafer filed his motion alleging that the judgment as to him was erroneous in that plaintiff was not entitled to interest on the judgment against him, and prayed that the execution be recalled and that the judgment be modified by eliminating the interest provision; also alleging that merchantable title was not tendered him under the escrow agreement until March, 1925, at which time he had tendered to plaintiff the

$2,500, but plaintiff had refused to accept said principal amount unless interest was also paid. The garnishee claims that plaintiff had no interest in this $2,500 until February 13, 1925, the date judgment was rendered.

The court sustained the motion to modify the judgment by eliminating the interest claimed, to reverse which plaintiff prosecutes this appeal.

It is the contention of the garnishee that, since his answer was verified, admitted an indebtedness of only $2,500 and the correctness of this answer was never called into question, the court was without jurisdiction to render judgment for the interest, in effect amounting to a judgment for a greater sum than was shown to be due.

Section 359, C. O. S. 1921, provides that:

"The answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated, with reference to his liability to the defendant, unless the plaintiff shall, within 20 days, serve upon the garnishee a notice in writing that he elects to take issue on his answer, in which case the issue shall stand for trial as a civil action. * * *"

In House v. Scanlan, 34 Okla. 796, 127 Pac. 481, and Mason v. Miller, 54 Okla. 46, 153 Pac. 187. this court has held that where this provision of the statute has not been complied with, the parties are bound by the answer of the garnishee.

The motion to modify this judgment was made during the same term of court at which the judgment was rendered, and the trial court properly modified it by eliminating that part of the judgment for the payment of interest, and the judgment of the district court is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See 28 C. J. p. 300, §451; p. 305, §458.