## LONDON & LANCASHIRE INDEMNITY CO. OF AMERICA v. COURTNEY.
### No. 1814.

Circuit Court of Appeals, Tenth Circuit.
July 31, 1939.

: BRATTON, Circuit Judge, dissenting in part.

Walter D. Hanson, of Oklahoma City, Okl. (F. A. Rittenhouse and John F. Webster, both of Oklahoma City, Okl., on the brief), for appellant.

W. P. Morrison, of Oklahoma City, Okl. (J. A. Rinehart, of El Reno, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

An action was commenced in the District Court of Canadian County, Oklahoma,

by Lucile A. Courtney, plaintiff, against R. G. Courtney, defendant, in which said plaintiff recovered a judgment against said defendant. Thereafter, on August 22, 1936, said plaintiff, proceeding under Sections 497, 500, 501, Oklahoma Statutes 1931, 12 Okl.St.Ann. §§ 847, 863, 864, caused a writ of garnishment to be issued, interrogatories being filed, and on August 25, 1936, order was issued by the clerk for same to be answered by appellant garnishee before September 10, 1936.

On September 8, 1936, said garnishee, London & Lancashire Indemnity Company of America, a foreign corporation, duly filed its petition for removal from the state district court to the United States District Court for the Western District of Oklahoma, with notice and bond. On September 19, 1936, the state district court denied the application for removal. On September 29, 1936, transcript of record for removal was filed in the United States District Court. On October 29, 1936, plaintiff, appellee, filed motion to remand.

It appears that delay in filing answer to interrogatories until April 26, 1938 was occasioned by the pendency before the court of motion to remand, same not being overruled until April 30, 1937. After jurisdiction of the court was sustained by order overruling motion to remand, then by motion under special appearance service of process was attacked, and briefs thereon submitted, after which same was overruled. Then answers to interrogatories were filed on April 26, 1938, in said court without any objections being made as to same being out of time. No election to take issue under Section 620, Oklahoma Statutes 1931, 12 Okl.St.Ann. § 1177, as to garnishee's answer had been made. The case was set for trial on October 5, 1938, on which day motion to dismiss without prejudice was filed.

The garnishee on the same day filed objections and response to the motion to dismiss without prejudice, and also motion for judgment. The court after a hearing on said motions entered an order dismissing the action without prejudice, having overruled the objection of the garnishee thereto, and denied garnishee's motion for judgment on the pleadings.

It is the contention on the part of appellant that the answer to the interrogatories, under Section 620, supra, no election having been made to put such answer in issue, was conclusive of the garnishee's liability on facts set up in answer, unless within 20 days from filing of such answer the plaintiff should have elected by appropriate notice to take issue as to said answer, and having failed to so do, that the trial court was without jurisdiction to have granted the dismissal of the action without prejudice, and should not have granted appellee's motion to dismiss without prejudice, but have sustained appellant's motion for judgment upon the pleadings.

Section 1, Article 3, of the Constitution of Kansas provides that: "The judicial power of this state shall be vested in * * * district courts, probate courts, justices of the peace, and such other courts, inferior to the supreme court, as may be provided by law; * * *."

In Gibson v. Ferrell, 77 Kan. 454, 94 P. 783, 784, it is said: "The application to intervene falls within no provision of the Code of Civil Procedure, but, notwithstanding this fact, a district court acting upon principles of manifest justice may, in cases not covered by the Code, permit one not a party to the suit to intervene either before or after judgment for the protection or advancement of some right with reference to the subject-matter of the litigation which he holds. In all cases lying without the purview of the statutes the application for leave to intervene must necessarily be addressed to the sound discretion of the court."

In Sizemore v. Dill, 93 Okl. 176, 220 P. 352, Gibson v. Ferrell, supra, is cited and followed.

Section 9 of the Organic Act of Oklahoma Territory (Act of Congress, May 2, 1890, 26 Stat. 85) provides: "That the judicial power of said Territory shall be vested in * * * district courts, probate courts, and justices of the peace. * * * and the said * * * district courts * * * shall possess chancery as well as common law jurisdiction and authority for redress of all wrongs committed against the Constitution or laws of the United States or of the Territory affecting persons or property."

An act providing for a Code of Civil Procedure for the Territory of Oklahoma, taking effect on August 14, 1893, 12 Okl. St.Ann. § 1 et seq., and providing that "This act [Chapter] shall be known as the code of civil procedure of the Territory [State] of Oklahoma. * * *," was taken from Kansas. United States v. Choctaw,

O. & G. R. Co., 3 Okl. 404, 462, 41 P. 729, and other cases cited under Section 1, Ch. 1, Art. 1, p. 1, Vol. 1, Oklahoma Statutes, 1931, 12 Okl.St.Ann. § 1.

Said Code of Civil Procedure was continued in force at the erection of the state of Oklahoma, by provisions of the Enabling Act (Act of Congress, June 16, 1906, 34 Stat. 267, and the Schedule of the Constitution, Okl.St.Ann.) and is found in Oklahoma Statutes 1931, Vol. 1, pp. 1–471, 12 Okl.St.Ann. § 1 et seq. The Constitution of Oklahoma provides that judicial power of said state shall be vested in supreme and district courts, etc. Const., Art. 7, Section 1, Okl.St.Ann.

The code of civil procedure, having been enacted in Kansas under the Constitution of January 29, 1861, and borrowed from Kansas, was incorporated in Statutes of 1893 for Oklahoma Territory.

Sections as same appear in Kansas, Oklahoma Territory, and Oklahoma State Statutes are as follows: Sections 417, 418, 497, 500, 501, 502, 619, and 620, Oklahoma Statutes 1931, 12 Okl.St.Ann. §§ 682, 683, 847, 863–865, 1176, 1177, in Statutes of Oklahoma Territory, 1893, as Sections 4287, 4288, 4380, 4396, 4397, 4398, 4082, 4085, and in the then existing Kansas Code as paragraphs 4492, 4493, 4585, 4601, 4602, 4603, 4287, and 4290.

The trial court, on motion of appellee and over objection of appellant, having dismissed the garnishment proceeding without prejudice, the question here for determination is whether it should have been without prejudice except as to issues made by the affidavit and interrogatories and garnishee's answer, under which appellee is concluded under Section 620, supra.

The answer of the garnishee, no issue having been properly joined as to the truthfulness thereof, was conclusive of the truth of the facts therein stated. Davis v. Lilly et al., 17 Okl. 579, 87 P. 302; House v. Scanlan, 34 Okl. 796, 127 P. 481; Central Loan & Trust Co. v. Campbell Comm. Co., 5 Okl. 396, 49 P. 48; Id., 173 U.S. 84, 19 S.Ct. 346, 43 L.Ed. 623; Brooks v. Fields et al., 25 Okl. 427, 106 P. 828; Mason et al. v. Miller et al., 54 Okl. 46, 153 P. 187; White v. White, 130 Okl. 11, 264 P. 896.

In Davis v. Lilly et al., supra, the garnishees each filed an answer, under oath, stating that they were indebted to the defendant, W. W. Smith, in no manner or sum whatever. To these answers, reply was filed by plaintiff, E. A. Lilly, in which he stated the nature of the claim of the defendant, Smith, against each of said garnishees, neither the garnishee Davis nor his attorney being properly served with written notice that plaintiff elected to take issue on garnishee's answer. Service was had upon the defendant, Smith, by publication. The matter being referred to a referee, the defendant, Smith, filed an answer in which he confessed judgment for the amount sued for, stating that the garnishee, Davis, was indebted to him for more than the amount claimed in the plaintiff's petition. Charles E. Davis, the garnishee, objected to the introduction of any evidence as against him as such garnishee, for the reason that neither he nor his attorney was served with written notice that the plaintiff elected to take issue on the answer of the garnishee, which was overruled, and exceptions saved. The referee, after such hearing, reported his findings and conclusions. The court confirmed and approved same, reciting in the order that [17 Okl. 579, 87 P. 303] "* * * appearing to the court that each of said parties have entered their general appearance in this cause, and are represented by counsel, except W. P. Fowler, who is not present either in person or by attorney, but who has entered his general appearance herein, and the court having heard the report of the referee, confirms and adopts the findings of fact and the conclusions of law, and judgment is given accordingly, * * * that the plaintiff, E. A. Lilly, have and recover of the defendant W. W. Smith and Chas. E. Davis, garnishee defendant, the sum of $156.56 * * *", costs to be taxed against them.

Davis, the garnishee defendant, appealed, W. W. Smith, and the intervenor, George T. Webster, cross-appealing.

On appeal the court said:

"In an action of this kind two distinct and different issues are presented. One between the plaintiff and defendant, and the other between the *plaintiff* and the *garnishee*. Hence, the appointment of a referee to hear and determine the issues involved in this case, and to report his findings of fact and conclusions of law thereon, with the consent of the parties, did not waive any rights that the plaintiff in error had under the provisions of our statute as a garnishee. The objection, therefore, by counsel for plaintiff in error

to the introduction of any testimony ought to have been sustained, and when the fact was called to the attention of the court that no notice was given as the statute requires that the defendant elected to take issue on the answer of the garnishee, the plaintiff in error should have been discharged as such garnishee.

\* \* \* \* \* \*

"And since the *garnishee, the plaintiff in error,* answered that he was not indebted to the defendant in any manner, and the plaintiff failed to give the statutory notice that he *elected to take issue* on the answer, *the conclusiveness* of the facts therein stated would not be *questioned in any subsequent proceeding,* and therefore the findings of fact and conclusions of law thereon by the referee were entirely outside of the issues, and *hence a nullity.*

"It follows that the garnishee, the plaintiff in error, should have been discharged upon his answer, and that the court erred in rendering judgment against him." (Italics supplied.)

Under Section 418, Code of Civil Procedure, supra, 12 Okl.St.Ann. § 683, an action may be dismissed without prejudice to a future action, (first) by the plaintiff, before the final submission of the case to the jury, or to the court, where the trial is by the court; (second) by the court, where the plaintiff fails to appear on the trial; (third) by the court, for the want of necessary parties, (fourth) by the court, on the application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence, (fifth) by the court, for disobedience by the plaintiff of an order concerning the proceedings in the action, (sixth) in all other cases, upon the trial of the action the decision must be upon the merits.

At the time the motion to dismiss was filed there could be no future action as to the answer of the garnishee, other than to discharge the garnishee on the issues as made and then existing. Sections 418, 619, and 620, Oklahoma Statutes 1931, supra, 12 Okl.St.Ann. §§ 683, 1176, 1177.

As to any issue under Section 620, Oklahoma Statutes, 1931, supra, made by the affidavit and interrogatories not covered by garnishee's answer to which appellee had not within 20 days after said garnishee's answer was filed served upon the garnishee a notice in writing that he elected to take issue on such answer, in which case the issue thereon shall stand for *trial* as a *civil action* in which the *affidavit on the part of the plaintiff* (appellee) shall be deemed *the petition* and the *garnishee's affidavit the answer thereto,* provided that the plaintiff may in all cases move the court upon the answer of the garnishee and of the defendant, if he shall also answer, *for such judgment as he shall be entitled* thereon, but any such judgment shall be no bar beyond the facts stated in such answer.

Section 502 of the Code of Procedure, Oklahoma Statutes, 1931, 12 Okl.St.Ann. § 865 (Oklahoma Territory Statutes, 1893, § 4398; Kansas par. 4603), provides that all "subsequent proceedings against the garnishee shall be the same as in cases of attachment, as far as applicable."

Section 625, Oklahoma Statutes 1931, 12 Okl.St.Ann. § 1182, provides that "the proceedings against a garnishee shall be deemed an action by the plaintiff against garnishee and defendant, as parties defendant, and all the provisions for enforcing judgments shall be applicable thereto \* \* \*. The court shall render such judgment in all cases as shall be just to all the parties, \* \* \*."

Section 418, *supra,* 12 Okl.St.Ann. § 683, constituting only procedure, does not operate as a limitation upon the power of the court.

Appellant on the same day that appellee filed its motion to dismiss the garnishment proceedings without prejudice to a subsequent garnishment proceedings against said garnishee defendant filed written objections to same on ground (1) the court was without jurisdiction to grant said motion to dismiss without prejudice for the reason that on April 26, 1938, the garnishee filed its answer to the interrogatories, denying any liability to the plaintiff, and that under the laws of the state of Oklahoma, said answer became final and conclusive upon the issues as therein made, the plaintiff not having elected to take issue therewith by written notice served by him on the garnishee within 20 days, such issue as to garnishee's liability to the defendant having become on the record conclusive, and not subject to be controverted on a trial. Davis v. Lilly et al., supra.

In Section 423, Oklahoma Statutes 1931, 12 Okl.St.Ann. § 685, it is provided: "\* \* \* the defendant shall have the right of proceeding to the trial of his claim, although the plaintiff may have dismissed his action or failed to appear."

■ ■ A conclusive right, plaintiff not having within 20 days after the filing of garnishee's answer served upon him notice in writing of his election to take issue thereon, on the part of the garnishee then and there existed in his favor by virtue of the intervention thus occasioned by the garnishee's said answer, on account of the conclusiveness of the facts thus stated therein with reference to liability to the defendant, with the proviso that in case the plaintiff moves the court upon the answer of the garnishee, and, of the defendant if he shall also answer, for such judgment as he shall be entitled to thereon, such judgment shall not be a bar beyond the facts stated in such answer.

With reference to Section 790, Oklahoma Statutes 1931, 12 Okl.St.Ann. § 1579, identical with Section 184 of the Kansas Code (Compiled Laws of Kansas by Dassler, 1881), in Thomas et al. v. First National Bank of Tecumseh, 32 Okl. 115, 121 P. 272, Ann.Cas.1914A, 376, the plaintiff bank appeared in court and dismissed the action, having theretofore under the replevin action secured possession of the chattels. Thereupon, defendant asked an order for the return of the property or its value in damages, etc., which request was granted.

In Higbee v. McMillan, 18 Kan. 133, plaintiff dismissed replevin action without prejudice. The defendant then and there made application for inquiry into the right as to the property and its possession, which was done. See, also, McVey v. Burns, 14 Kan. 291 (Original Ed. p. 292), 2d Ed. p. 226, Annotated.

■ The distinction between law and equity has not been abolished in Oklahoma, the modification being as to the form of action. Section 3882, Okla.Statutes, 1893 (paragraph 4087, Kan.), Sec. 4, Ch. 1, Art. 1, p. 3, Vol. 1, Okla.Stat.1931, 12 Okl.St. Ann. § 10.

The form of action is designated a civil action and both law and equity are embodied under such named action. Olson v. Thompson, 6 Okl. 576, 52 P. 388; Phelps, Dodge & Palmer Co. v. Halsell & Frazier, 11 Okl. 1, 65 P. 340; Stahl v. Wade, 11 Okl. 483, 69 P. 301.

In Chicago & A. R. Co. v. Union Rolling-Mill Co., 109 U.S. 702, 3 S.Ct. 594, 601, 27 L.Ed. 1081, it is said:

"It may also be conceded that, as a general rule, a complainant in an original bill has the right, at any time upon payment of costs, to dismiss his bill. But this latter rule is subject to a distinct and well-settled exception, namely, that after a decree, whether final or interlocutory, has been made, by which the rights of a party defendant have been adjudicated, or *such proceedings have been taken as entitle the defendant to a decree,* the complainant will not be allowed to dismiss his bill without the consent of defendant. * * * [Italics supplied.]

"It was laid down by the lord chancellor, in Cooper v. Lewis, 2 Phil. Ch. 131, as follows:

" 'The plaintiff is allowed to dismiss his bill on the assumption that it leaves the defendant in the same position as he would have stood if the suit had not been instituted; it is not so where there has been a proceeding in the cause which has given the defendant a right against the plaintiff.' "

■ The rights of the garnishee under the record on his request and objection should have been protected under the order of dismissal. The judgment of the trial court dismissing said action should accordingly be modified so as to read without prejudice to the plaintiff's right to take such further proceeding as he may elect in aid of said judgment, including garnishment proceedings in aid of execution, against the garnishee defendant, London & Lancashire Indemnity Company of America, except as based upon the issues as made by the affidavit and interrogatories on the part of said plaintiff and garnishee's answer thereto, and as to said issue and garnishee's conclusive right thereunder, to be with prejudice.

The judicial character of the proceedings for execution under the statute is in the nature of a suit at equity in common law to reach assets in the hands of the stockholder, the motion in effect being a petition in an action (Erskine v. Loewenstein, 82 Mo. 301, 305; Wilson v. St. Louis & S. F. Railway Co., 108 Mo. 588, 600, 602, 18 S.W. 286, 32 Am.St.Rep. 624), or by garnishment after judgment in the nature of an execution to reach assets of a defendant in possession of another not leviable upon under execution. Davidson et al. v. Finley et al., 96 Okl. 291, 222 P. 678; First National Bank v. City Guaranty Bank, 174 Okl. 545, 51 P.2d 573; Davis v.

Lilly, supra; Cassidy v. Thompson, 84 Okl. 33, 202 P. 291.

The chose in action may not be sold under execution, but under the garnishment process is seized by affixing lien on and in the hands of him who owes the debtor, the debtor being deprived of it, and the creditor thereby getting the fruits of the deprivation, as effectually as if it were sold on execution in satisfaction of his judgment, garnishment being a dual procedure moving against the garnishee in personam to compel him to answer and disclose what property and estate of the defendant he has in his hands and in what sum he may be indebted to the creditor, and to hold the same subject to the order of the court, and against the property and estate itself to extinguish the right of the defendant in it, by appropriation of it pro tanto to the satisfaction of the plaintiff-debtor's claim.

See attachment (Sections 597 and 598, Oklahoma Statutes 1931, 12 Okl.St.Ann. §§ 1151, 1152) and therewith garnishment before judgment, and section 610, Oklahoma Statutes, 1931, 12 Okl.St.Ann. § 1171.

█ A garnishment is not an execution when issued. After execution is returned nulla bona it has practical effect as in equity to reach assets non-leviable under an execution.

██ Any process, whether writ or other notice in writing, which when served upon a party as garnishee would have the effect to authorize an order or judgment in personam against him, upon the rendition of which a general execution may issue, leviable upon all the property in the state of which he may be possessed, such proceeding being after judgment and return of nulla bona on an execution, is to be regarded under the Oklahoma Code of Procedure as an independent proceeding. The motion for a writ of garnishment under such condition is the institution of a civil action constituting a suit in the nature of an action in equity at common law, to reach such assets as may not be leviable upon under execution. It is in effect an independent and original action, the statute having so declared by denominating it a civil action with the affidavit therefor as plaintiff's petition and the answer by the garnishee to be an answer in such action.

This is independent of the cause of action on which the judgment was rendered in favor of plaintiff, Lucile Courtney, against defendant, R. G. Courtney, as between the plaintiff, Lucile Courtney, and the defendant garnishee herein, with the right of appeal on the part of either party, as in an action at law or any other civil action under the code, it being a suit within the meaning of the act of Congress. 28 U.S.C.A. § 71.

█ It has been held that where party is called by process of garnishment in attachment proceedings he is not entitled to remove the case. The reason therefor is that it not only becomes a part of the original proceeding, but that, in case of a judgment against the garnishee, it might be for a sum greater than the claim established against the principal debtor, and in such case the application of the fund would devolve upon the court where the judgment was rendered to make proper distribution of the surplus. In such case the proper parties would not be before the federal court in case of removal by the garnishee. This objection has no application here, as the proceeding for execution against the garnishee arises only after return of nulla bona on the execution against the defendant, and, no matter what amount the garnishee might owe the defendant no more than would be sufficient to satisfy the execution, reflecting the prior adjudicated amount of the judgment, could be awarded against him.

With diversity of citizenship and other jurisdictional facts existing, the right of the defendant to remove such suits into the federal court exists. See Barrow v. Hunton, 99 U.S. 80, 85, 25 L.Ed. 407; Gaines v. Fuentes, 92 U.S. 10, 2 Otto 10, 23 L.Ed. 524; Bondurant v. Watson, 103 U.S. 278, 281, 26 L.Ed. 447; Lackawanna Coal & Iron Co. v. Bates, C.C., 56 F. 737, (opinion by late District Judge John F. Phillips); Reed v. Bloom, D.C., 15 F. Supp. 7; Old Dominion Oil Co. v. Superior Oil Corp., D.C., 283 F. 636; Chicago M. & St. P. R. Co. v. Spencer, D.C., 283 F. 824; Pacific Railroad Removal Cases, 115 U.S. 1, 5 S.Ct. 1113, 29 L.Ed. 319; Commissioners of Road Imp. Dist. v. St. Louis, Southwestern R. Co., 257 U.S. 547, 42 S. Ct. 250, 66 L.Ed. 364; Mississippi & R. River Boom Co. v. Patterson, 98 U.S. 403, 25 L.Ed. 206; Madisonville Traction Co. v. St. Bernard Mining Co., 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462; Parker v. Overman, 18 How. 137, 15 L.Ed. 318; Searl v. School Dist., 124 U.S. 197, 8 S.Ct. 460, 31 L.Ed. 415; In re Stutsman County, C.C., 88 F. 337; Colorado Midland R. Co. v.

Jones, C.C., 29 F. 193, and cases cited In re Palmer's Will, D.C., 11 F.Supp. 301.

The case of First Nat. Bank v. Turnbull, 16 Wall. 190, 21 L.Ed. 296, involved a statutory proceeding to try in a summary way the title to personal property seized on execution, it being nothing more than a method prescribed by the law to enable the court to direct and control its own process, and was merely auxiliary to, and a graft upon, the original action.

In Lackawanna Coal & Iron Co. v. Bates, C.C., 56 F. 737, 740, quoting in part from Wilson v. Seligman, 144 U.S. 41-46, 12 S. Ct. 541, 36 L.Ed. 338, it is said:

" 'He (Seligman) denies that he was a stockholder, and the question whether he was one was not tried or decided in the controversy between the plaintiff and the corporation, nor involved in the judgment recovered by one of those parties against the other. Under the statute of Missouri, and upon fundamental principles of jurisprudence, he is entitled to legal notice, and trial of the issue whether he is a stockholder, before he can be charged with personal liability as such.' "

In Lackawanna Coal & Iron Co. v. Bates, supra, it is further said:

" 'The defendant's controversy with the plaintiff is wholly separable from the issues involved in the judgment against the corporation. The only question he litigates here is his liability as a stockholder. The motion takes and occupies the character of a petition. The defendant is brought into court on process. There is a plaintiff and a defendant, and the object of the proceeding is to have the court adjudge whether or not the defendant's property shall be rendered liable to plaintiff in the sum of $26,250 or less. On this issue he is entitled to a trial in due form of law, with the right of appeal or writ of error. The defendant corporation is not a party to this proceeding, and is not before the court. If such a case does not present all the elements of a "suit," within the meaning of the judiciary acts of congress, it does seem to me that Chief Justice Marshall was in error when he said, in Weston v. Charleston, 2 Pet. [449], 464 [7 L.Ed. 481]:

" 'The term ("suit") is certainly a very comprehensive one, and is understood to apply to any proceeding in a court of justice on which an individual pursues that remedy which the law affords. The modes of proceeding may be various, but if a right is litigated in a court of justice the proceeding on which the decision of the court is sought is a suit.' "

See, also, Kansas City & T. R. Co. v. Interstate Lumber Co. [C.C.], 37 F. 3.

In the instant case the defendant garnishee's controversy with the plaintiff, Lucile A. Courtney, is wholly separable from the issues involved on which the judgment against R. G. Courtney in favor of Lucile A. Courtney is founded. The only question to be litigated in the civil action wherein the garnishee, London & Lancashire Indemnity Company of America, is defendant and Lucile A. Courtney, plaintiff, is as to whether said garnishee was indebted to said defendant, R. G. Courtney.

The affidavit for writ of garnishment takes the place of a petition. The defendant garnishee is brought into court on process, and his answer as garnishee constitutes his answer in that action. The object of the proceedings is to have the court adjudge whether the defendant's property shall be rendered liable to plaintiff in the amount of the judgment. On this issue he would be entitled to a trial in due form of law with right of appeal and review on writ of certiorari.

In Baker v. Duwamish Mill Co. (Casualty Co. of America, Garnishee), C.C., 149 F. 612, a proceeding in garnishment after judgment under laws of state of Washington, 1893, p. 95, c. 56 (Pierce's Code, p. 107; Ballinger's Ann.Codes & St. Section 5390 et seq.) was held to be a "civil suit in which an issue of fact is or may be joined between the plaintiff and garnishee, and is removable by a nonresident garnishee, where the jurisdictional requisites appear, although the parties to the judgment are citizens of the same state. In such proceeding, while the judgment defendant is an indispensable party, his pecuniary interest is with the plaintiff on the issues between him and the garnishee, and he is to be ranged on that side of the controversy for the purposes of removal."

The federal court in the Western District of Washington concurred in the reasoning and conclusions set forth in the following paragraph from the opinion of Associate Justice Daniel of the Supreme Court of the United States, and District Judge Ringo of the Circuit Court of the District of Arkansas, in Tunstall v. Worthington, 24 Fed.Cas. 324, 325, No. 14,239 (reported by Samuel H. Hempstead) as

follows: "The proceeding of garnishment, as regulated by the statute of Arkansas, is anomalous, being partly legal and partly equitable. But it must be regarded as a civil suit, and not as process of execution to enforce a judgment already rendered. It may be used as a means to obtain satisfaction of a demand, in the same manner as a suit may be resorted to on a judgment of another state, with a view to coerce the payment of such judgment. In this proceeding the parties have day in court; an issue of fact may be tried by a jury, evidence adduced, judgment rendered, costs adjudged, and execution issued on the judgment. It is in every respect a suit in which the primary object is to obtain judgment against the garnishee, and certainly cannot with any plausibility be treated as process of execution, or as part of the execution process; for if so, there could be no necessity or propriety in resorting to this form to investigate the relations of debtor and creditor."

This case is remanded to the lower court with instructions to modify the order dismissing same without prejudice so as to read "without prejudice to the plaintiff's right to take further proceedings as he may elect in aid of said judgment, including garnishment proceedings in aid of execution against the garnishee defendant, London & Lancashire Indemnity Company of America, except as based upon the issues as made by the affidavit and interrogatories on the part of said plaintiff in garnishee's answer thereto, and as to said issue and garnishee's conclusive right thereto to be with prejudice."

BRATTON, Circuit Judge (dissenting).

I agree that the case was removable. My inability to join with the majority is limited to the question of dismissal without prejudice.

Section 620, Oklahoma Statutes 1931, 12 Okl.St.Ann. § 1177, provides that the answer of the garnishee shall become conclusive of the facts stated therein respecting liability to the defendant unless plaintiff shall within twenty days serve upon the garnishee notice in writing that he elects to controvert such answer. The statute is plain, and it is settled law in Oklahoma that the facts stated in the answer in respect of liability of the garnishee to the defendant become conclusive and cannot be inquired into unless issue is joined thereon within the twenty-day period. Davis v. Lilly, 17 Okl. 579, 87 P. 302; Mason v. Miller, 54 Okl. 46, 153 P. 187. It is a general statute and has reference to subsequent procedure in the case such as the rendition of judgment against the garnishee in the face of a denial of liability in the answer or the rendition of a judgment against him for an amount in excess of that stated to be due. Compare, White v. White, 130 Okl. 11, 264 P. 896.

But that statute does not stand alone. Another comes into play. Section 418, Oklahoma Statutes 1931, 12 Okl.St.Ann. § 683, deals specially, specifically, and solely with the matter of dismissing actions. It provides in the first subdivision that a plaintiff may dismiss his action without prejudice to a future suit before the final submission of the case to the jury, or to the court where the trial is by the court without a jury. A substantial right is thus vested in the plaintiff. That right is to have the case discontinued without prejudice at any time prior to final submission unless a petition in intervention or an answer seeking affirmative relief has been filed. Chicago, R. I. & P. R. Co. v. Reynolds, 157 Okl. 268, 12 P.2d 208, 89 A.L.R. 5. This statute also is plain in its terms. And being a special statute addressed specifically and exclusively to the subject of dismissals without prejudice, it controls here over the general statute relating to the conclusive effect in subsequent proceedings of the answer of the garnishee which was not seasonably controverted. The judgment should be affirmed without modification.