Everett WATKINS, Plaintiff in Error,

v.

G. A. (Bill) MAULDIN, Defendant in Error.
No. 38233.

Supreme Court of Oklahoma.
Nov. 25, 1958.

Wilson Wallace, Ardmore, for plaintiff in error.

James D. Payne, Ardmore, for defendant in error.

PER CURIAM.

This action was initiated by defendant in error, G. A. Mauldin, to recover judgment on an account. The defendant in the action failed to plead to the petition or appear to contest the claim. Defendant in error, upon affidavit, also caused garnishment summons to be served on the Board of County Commissioners of Carter County, who thereafter filed their answer contesting the garnishment and denying that they held any property belonging to defendant. The allegations of this answer were to the effect that the defendant's claim against the county had been validly assigned by him to Everett J. Watkins prior to the service of the garnishment summons. Issue was joined by the defendant in error on the garnishee's answer. Prior to the trial of the issues thus made as provided in 12 O.S.1951 § 1177, Everett J. Watkins filed an application to intervene. This application was allowed. His answer alleged the same defense as that pleaded by the Commissioners; that is, that he was the beneficial owner of the claim against the county by assignment from the

defendant. The action was then tried to the court, and judgment was rendered in favor of defendant in error sustaining the garnishment. The trial court concluded from the evidence that the defendant's assignment to the intervenor of his claim against the county was null and void for failure of the defendant to have his claim on file with the County Clerk at the time the assignment was executed. See 19 O.S. 1955 Suppl., Sec. 410.10. Intervenor filed no motion for a new trial but has filed here a petition in error with case-made attached.

Defendant in error has reasserted in his brief his previous motion to dismiss. His contention that a motion for new trial was necessary, and the lack thereof fatal to the appeal, is correct. The appeal must be dismissed.

In Cassidy v. Thompson, 84 Okl. 33, 202 P. 291, 292, this precise question, except for the presence of an intervenor, was considered. In that action we said:

"Where notice that issue will be joined upon an answer in a garnishment proceeding is given and issue is joined and evidence taken, as was done in the instant case, the garnishment proceeding is in such a situation the same as if it were a trial in a civil action. A jury may be impaneled, and to get such proceeding reviewed in this court it is necessary to file a motion for a new trial in the lower court, and give the trial court an opportunity to review any alleged errors."

Appeal dismissed.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, JACKSON and CARLILE, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.