CHAS. E. DAVIS v. E. A. LILLY, *et al.*

(Filed September 7, 1906.)

1. **PLEADING & PRACTICE—Answer of Garnishee—Conclusive, When**
The answer of a garnishee is conclusive of the truth of the facts
therein stated, unless the plaintiff shall within twenty days serve
upon the garnishee a notice in writing that he elects to take is-
sue on his answer.

2. **SAME**—Where a garnshee has answered that he is not indebted
to the defendant in any manner, and the plaintiff fails to give
the statutory notice that he elects to take issue on such answer,
is in error to render judgment against the garnishee.

(Syllabus by the Court.)

*Error from the District Court of Custer County; before*
*C. F. Irwin, Trial Judge.*

*Harkins & Jones,* for plaintiff in error.

*Geo. T. Webster, J. W. Lawton, J. C. Caldwell, Ione*
*Webster* and *Harkins & Jones,* for defendants in error.

STATEMENT OF FACTS

This was an action commenced in the district court of
Custer county by E. A. Lilly against W. W. Smith, to re-
cover the sum of $140, with interest and costs, alleged to be
due on a promissory note executed on July 22, 1904. On
the same day the planitiff filed an affidavit in garnishment,
alleging that he had good reason to believe that Charles E.
Davis, the plaintiff in error, and W. P. Fowler, and C. O.

Fowler, defendants in error, were indebted to said Smith, and asked that garnishment summons duly issue, which was accordingly done, and served upon each of the above parties The garnishees each filed an answer, under oath, stating that they were indebted to the defendant, W. W. Smith, in no manner or sum whatever. To these answers of the garnishees, reply was filed by E. A. Lilly, in which he stated the nature of the claim of the defendant, Smith, against each of the said garnishees.

Service was had upon the defendant, W. W. Smith, by publication. However, subsequently, and during the trial before the referee, the defendant appeared and filed an answer, in which he confessed judgment for the amount sued for, and stating that the garnishee, Davis, was indebted to him for more than the amount claimed in the plaintiff's petition.

When the cause came on for hearing, the court was of the opinion that the pleadings involved a matter of accounting, and the cause was sent, by agreement of the attorneys for all parties, to a referee, to hear the evidence, and make his findings of fact and conclusions of law separately, and report the same to the court. Accordingly the cause was sent to a referee, and when the case was called for trial before the referee, the plaintiff in error objected to the introduction of any testimony as against the garnishee, Charles E. Davis, for the reason that neither the said Charles E. Davis nor his attorneys were served with written notice that the plaintiff elected to take issue on the answer of the garnishee. This objection was overruled, to which ruling an exception was duly saved. The referee, after hearing all the evidence adduced at the trial, reported his findings of fact and conclu-

sions of law thereon, and thereafter the court confirmed and approved the findings of fact and conclusions of law, and rendered the following judgment:

"The above cause came on for hearing on this 27th day of September, 1905, the same being a regular term day of said court, upon the motion of plaintiff to confirm the report of the referee, except as to the taxation of costs, and as to this the plaintiff moved that the costs involved in the garnishee proceedings be taxed to Chas. E. Davis, garnishee defendant, and upon the objections to the findings of fact and conclusions of law filed by Chas. E. Davis, and it appearing to the court that each of said parties have entered their general appearance in this cause, and are presented by counsel except W. P. Fowler, who is not present either in person or by attorney, but who has entered his general appearance herein, and the court having heard the report of the referee, confirms and adopts the findings of fact and the conclusions of law, and judgment is given accordingly, and said findings of fact and conclusions of law, and the report of said referee, are hereby referred to and made a part of this judgment.

"That the garnishee defendants, the First National Bank and W. P. Fowler are hereby discharged, and that all costs due them be paid by the plaintiff.

"It is therefore ordered and adjudged that the plaintiff, E. A. Lilly, have and recover of the defendant, W. W. Smith and Chas. E. Davis, garnishee defendant, the sum of $156.56 and the referee fee taxed at $115.30, and costs paid by E. A. Lilly to the amount or $30.85, and the district court costs, taxed at $28.00, making a total of three hundred and thirty and 71-100 dollars ($330.71), and that Geo. T. Webster, assignee of the defendant, W. W. Smith, and intervenor herein, have and recover of said Chas. E. Davis, garnishee defendant, the sum of four hundred seven and 04-100 dollars (407.04) and that execution issue therefor against said Chas.

E. Davis, garnishee defendant, to all of which rulings of the court the garnishee defendant, Chas. E. Davis, excepts, and is hereby given ninety days within which to make and serve his case made for the supreme court, with ten days given to the defendant in which to suggest amendments thereto, same to be settled and signed upon five days' notice in writing by either party of the time and place of the settlement thereof."

The defendant, W. W. Smith, and the intervenor, George T. Webster, excepted to that part of the judgment in reference to the taxation of costs.

From this judgment the garnishee, Charles E. Davis, appeals and the defendant, W. W. Smith, and the intervenor, George T. Webster, file a cross-petition, assigning error in reference to the taxation of costs.

Opinion of the court by

HAINER, J.: Numerous errors are assigned and argued by counsel for plaintiff in error, but we are of the opinion that it is only necessary to consider one of them, as that disposes of this appeal.

It is contended by the plaintiff in error that the court erred in not discharging him on his answer, and the petition of the plaintiff, since the plaintiff failed to serve the statutory notice that he elected to take issue on the garnishee answer. It appears from the record that no notice was served by the plaintiff upon the garnishee or his counsel, in writing or otherwise, within twenty days, as provided by the statute, that the plaintiff elected to take issue on his answer.

Section 4382 of Wilson's Annotated Statutes of 1903 provides as follows:

"The answer of the garnishee shall in all cases be conclusive, of the truth of the facts therein stated, unless the plaintiff shall within twenty days serve upon the garnishee a notice in writing that he elects to take issue on his answer; in which case the issue shall stand for trial as a civil action, in which the affidavit on the part of the plaintiff shall be deemed the petition, and the garnishee's affidavit the answer thereto."

Section 4379 provides that where the garnishee files his answer, under oath, within the time required by statute, that he is not indebted in any manner to the defendant, and that he has no real or personal property, effects, or credits belonging to the defendant in his possession or under his control, that, the proceeding in garnishment shall be deemed discontinued, and the plaintiff shall pay the garnishee two dollars for his costs, unless within twenty days thereafter the plaintiff serve notice on such garnishee that he elects to take issue on his garnishee answer and will maintain him to be liable as garnishee, in which case the issue shall stand for trial as a civil action, in which the affidavit on the part of the plaintiff shall be deemed the petition, and the garnishee's affidavit the answer thereto.

These provisions of our statute are plain, specific and mandatory. But it is argued by the defendants in error that these provisions of the statute were waived, because counsel for the garnishee consented to the appointment of a referee. This contention is clearly untenable. In an action of this kind two distinct and different issues are prseented. One between the plaintiff and defendant, and the other between the plaintiff and the garnishee. Hence, the appointment of a referee to hear and determine the issues involved in this

case, and to report his findings of fact and conclusions of law thereon, with the consent of the parties, did not waive any rights that the plaintiff in error had under the provisions of our statute as a garnishee. The objection, therefore, by counsel for plaintiff in error to the introduction of any testimony ought to have been sustained, and when the fact was called to the attention of the court that no notice was given as the statute requires that the defendant elected to take issue on the answer of the garnishee the plaintiff in error should have been discharged as such garnishee.

In 20 Cyc. 1097, the general doctrine is thus clearly and forcibly stated:

"The law indulges no presumption that the garnishee is liable, and his liability must be made affirmatively to appear in order to justify a judgment against him, and the uncontradicted answer or disclosure of the garnishee upon which no issue has been taken is presumed to be absolutely true, and where such answer or disclosure shows no liability on his part he is entitled to a discharge."

And, again, the findings of the referee and the judgment of the court were clearly beyond the issues presented by the petition, and the answer of the garnishee.

Section 4388 of Wlison's Statutes provides that the garnishee is only liable for the amount claimed in the plaintiff's petition, and as disclosed in his affidavit upon which the garnishment summons is based. In this case the plaintiff only claimed judgment against the defendant for $140 together with interest and costs.

In *Gille v. Emmons,* 48 Pac. 569, the supreme court of Kansas has decided that:

"A judgment which is entirely outside of the issues in the case, and upon a matter not submitted to the court for its determination, is a nullity, and may be vacated and set aside at any time upon motion of the defendant."

And since the garnishee, the plaintiff in error, answered that he was not indebted to the defendant in any manner, and the plaintiff failed to give the statutory notice that he elected to take issue on the answer, the conclusiveness of the facts therein stated could not be questioned in any subsequent proceeding, and therefore the findings of fact and conclusions of law thereon by the referee were entirely outside of the issues, and hence a nullity.

It follows that the garnishee, the plaintiff in error, should have been discharged upon his answer, and that the court erred in rendering judgment against him.

The judgment of the district court is reversed, and the cause remanded, with directions to set aside and vacate the judgment, in so far as it affects the rights of the garnishee, Davis, and to enter judgment discharging him, with all costs.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.