SMITH v. MARKER et al.

(Circuit Court of Appeals, Eighth Circuit. June 27, 1907.)

No. 2,432.

1. GARNISHMENT—CONTINGENT INDEBTEDNESS WILL NOT SUSTAIN.

It is indispensable to the liability of a garnishee to the plaintiff that the former's debt to the defendant be owing absolutely, so that the duty to pay it is not contingent on the happening of any future event, at the time the garnishee summons is served.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Garnishment, § 83.]

2. SAME.

But it is not necessary, in the absence of a statute to that effect, that the debt be due at that time.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Garnishment, § 78.]

(Syllabus by the Court.)

In Error to the United States Court of Appeals in the Indian Territory.

For opinion below, see 90 S. W. 611.

George E. McCulloch, for plaintiff in error.

W. H. Kornegay, for defendants in error.

Before SANBORN and HOOK, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge. On July 29, 1904, the defendants in error, Halsell and Bagby, were garnished as debtors of John D. Marker, the judgment defendant. They answered, in effect, that they were not, and would not be, indebted to him before March 14, 1905, and they would not then be indebted to him unless the terms of a certain contract they had made with him were so fulfilled that the second installment of the purchase price of that part of his allotment in excess of his homestead became owing and due. The contract was made on June 9, 1904. It provided that Halsell and Bagby should secure for Marker the privilege of allotting 130 acres of land at some place in the Cherokee Nation to be selected by them; that Marker would select the same as his allotment, exclusive of his homestead, and would file upon it; that he would sell this allotment to Halsell and Bagby, and they would pay him therefor $1,400 in two installments, $700 after the allotment of the land upon the delivery of Marker's deed to them, "and the remaining $700 on the expiration of the period when his filing on said land may be contested shall have expired and title thereto perfected in him." The time within which his filing could be contested would not expire until March 14, 1905. Upon the answer of the garnishees, which disclosed the foregoing facts, the trial court denied the motion of the plaintiff in error for judgment against the garnishees on January 4, 1905, and dismissed the proceedings against them. The Court of Appeals of the Indian Territory affirmed this judgment, and this ruling is challenged by the present writ.

It is indispensable to the liability of a garnishee to the plaintiff that his debt to the defendant be owing absolutely, so that the duty to pay

it is not contingent on the happening of any future event, at the time of the service of the garnishee summons upon him. But it is not necessary, in the absence of a statute to that effect, that the debt should be due at that time. 2 Shinn on Attachment & Garnishment, §§ 480, 481, 643; Taber v. Nye, 12 Pick. (Mass.) 105. Counsel for the plaintiff in error does not claim that the garnishees were chargeable with liability on account of the first installment of the purchase price which was payable on condition that Marker executed a deed of the land. He insists, however, that the second installment was absolutely owing, although it was not payable until the time for contesting the filing expired and the title was perfected. He argues that the garnishees agreed to secure for Marker the privilege of allotting 130 acres of land at some place in the Cherokee Nation to be selected by them, and that they thereby contracted that the title to the land they should thus select should be perfected, so that they were estopped from claiming that its title might not be perfect. But this construction of the contract cannot prevail, because it imports into it by implication a covenant of title which it does not express and ignores and nullifies the express provision which it does contain that the second installment of the purchase price should become due when the time for contesting the filing expired and the title was perfected. When the entire agreement is read, and all its parts are considered together, as they must be, the contract was that the second $700 should be paid at the expiration of the time for contesting the filing, on condition that the title was then or thereafter perfected. If it should never be perfected, the second installment would never become due or owing.

The existence of the alleged indebtedness of the garnishees was dependent upon the contingency of the perfection of the title to the allotment, and there was no error in the judgments of the courts below.

They are, accordingly, affirmed.