ARCHER – DANIELS – MIDLAND COMPANY, Commander-Larabee Milling Company Division, Plaintiff in Error,

v.

A. A. McCLAREY, Defendant in Error,

A. N. Millsap, Garnishee.

No. 36716.

Supreme Court of Oklahoma.

July 19, 1955.

Rehearing Denied Sept. 27, 1955.

er judgment and return of nulla bona on execution, plaintiff moved for a writ of garnishment against A. N. Millsap, as garnishee. Plaintiff's affidavit in garnishment alleged that it had good reason to believe that A. N. Millsap was indebted to defendant, A. A. McClarey and asked that garnishment summons duly issue, which was accordingly done, and served upon Millsap as garnishee. The garnishee filed an answer to interrogatories under oath stating that he was not indebted to the defendant, A. A. McClarey, in any sum or amount, and had no property belonging to him. No notice was served on the garnishee by plaintiff of election to take issue on garnishee's answer to interrogatories as provided by 12 O.S.1951 § 1177.

The trial court upon hearing and motion refused to issue an order of garnishment and discharged the garnishee, resulting in this appeal.

Of the numerous errors assigned, we deem it necessary to consider only the question of whether the trial court was justified in denying an order of garnishment and ordering the discharge of the garnishee.

The answer of a garnishee is conclusive of the truth of the facts therein stated, unless the plaintiff shall, within 20 days, serve upon the garnishee a notice in writing that he elects to take issue on his answer, and where a garnishee has answered that he is not indebted to the defendant in any manner, and the plaintiff fails to give the statutory notice that he elects to take issue on such answer, it is the duty of the trial court to discharge the garnishee. 12 O.S.1951 §§ 683, 1176 and 1177; Davis v. Lilly, 17 Okl. 579, 87 P. 302; London & Lancashire Indemnity Co. of America v. Courtney, 10 Cir., 106 F.2d 277.

From a careful examination of the record we conclude that the order and judgment of the trial court, discharging the garnishee was justified.

The judgment is affirmed.

WILLIAMS, V. C. J., and WELCH, CORN, DAVISON and BLACKBIRD, JJ., concur.

William J. Threadgill, Joe N. Shidler, Tulsa, for plaintiff in error.

T. F. Dukes, Hominy, for defendant in error.

JOHNSON, Chief Justice.

The parties will be referred to as they appeared in the trial court.

The pertinent facts in this case are that plaintiff (in error) recovered a judgment on account against A. A. McClarey, defendant (who is not a party to this appeal) for $1,991.89, plus interest and costs. Aft-