In re SAYRE RANCH LANDS, INC., Debtor.

John T. HASKINS, Plaintiff,

v.

Ken SPEARS, Trustee, and W. Rogers Abbott II, Trustee, Defendant.

Bankruptcy No. 80–02023.
Adv. No. 81–0110.

United States Bankruptcy Court,
W. D. Oklahoma.

Aug. 10, 1982.

G. Blaine Schwabe, III, Oklahoma City, Okl., for John T. Haskins, plaintiff.

Kenneth L. Spears, Oklahoma City, Okl., trustee for Sayre Ranch Lands, Inc.

W. Rogers Abbott, II, Oklahoma City, Okl., trustee for Robert O. Lister, Jr. and Marie Lister.

Robert C. Bailey, Oklahoma City, Okl., for trustee, W. Rogers Abbott, II.

## MEMORANDUM OPINION

DAVID KLINE, Bankruptcy Judge.

### STATEMENT

This matter came on for hearing after required notice concerning the issue of the validity of a judgment the plaintiff received in the United States District Court, Eastern District of Arkansas, Western Division. This Court found said judgment valid, but a secondary issue was presented, dealing with the validity of a garnishment in the District Court of Beckham County, Oklahoma. After an evidential hearing the garnishment issue was taken under advisement with briefs invited.

### FACTS

1) This matter was instituted upon an involuntary petition in bankruptcy filed on October 6, 1980. An order for relief was entered on October 24, 1980. An order converting case from chapter 7 to chapter 11 was entered October 24, 1980. The trustee, Kenneth L. Spears was appointed on January 26, 1981.

2) A plan for reorganization was filed on May 27, 1981, and said plan was confirmed on June 19, 1981.

3) The plaintiff herein, John T. Haskins, was involved in a business venture with Robert O. Lister, Jr. Mr. Lister is presently in a chapter 11 proceeding before this Court. Mr. Haskins brought suit against Mr. Lister and received a sanctions judgment in the United States District Court for the Eastern District of Arkansas, against Mr. Lister and his wife, Marie Lister. This Court has previously ruled such judgment to be valid.

4) To enforce his judgment, Mr. Haskins domesticated his judgment in Beckham County, Oklahoma. A garnishment summons was issued against the debtor herein, styled and numbered; John T. Haskins, Plaintiff v. Robert O. Lister and Marie Lister, Defendants, and Sayre Ranch Lands, Inc., Garnishee, C–1666. The debtor filed his answer of garnishee, on July 30, 1980, stating that:

" . . . the Garnishee and C. M. Crawford, jointly are indebted to Robert O. Lister, in the sum of $500,000.00, of which $55,-000.00 has been pledged and assigned to the First National Bank of Sayre, Oklahoma, leaving a balance owed of $445,-000.00. Payment of the indebtedness is also conditioned upon the written release of all indebtedness owed to Robert O. Lister, Jr., Marie Lister, Robert O. Lister III, Linda Lister Plummer and Cynthia Lively and any successors or assigns, by C. M. Crawford and/or Sayre Ranch Lands, Inc."

5) On August 1, 1980, plaintiff herein, filed a motion in the District Court of Beckham County, to have the garnished funds paid over.

6) On August 8, 1980, the Beckham County Court issued an order to pay funds. The operative part of the order states:

"That the garnishee, Sayre Ranch Lands, Inc., an Oklahoma Corporation, should deliver any funds now held for the account of the defendant, Robert O. Lister, if any, and further, the $445,000.00 due the defendant, Robert O. Lister, from the sale of the Christner Ranch by the garnishee, upon receipt of the same by the garnishee, shall be forthwith paid by the garnishee to the plaintiff, John T. Haskins, after all conditions contained in the garnishee's answer have been met, and upon payment of such sum to the

plaintiff, the garnishee is discharged of and from any and all liability by reason of such payment to the plaintiff's debt to the defendant, Robert O. Lister, shall be then discharged."

7) On April 17, 1981, W. Rogers Abbott II, the trustee in the Lister matter filed a claim for $500,000.00 in this case. Attached to the claim are documents entitled agreement and release and an assignment of contract, from and between Robert O. Lister, Jr. and Marie Lister; and Sayre Ranch Land, Inc., the debtor herein.

## LAW

1) Title 12 Okla.Stat. (1971) § 1178 states:

"Unless the garnishee shall make the affidavit provided for in section 1176 of this title, he shall, within ten (10) days from the service of the garnishee's summons, file an affidavit with the clerk of court in which the action is pending and deliver or mail a copy thereof to the plaintiff or the plaintiff's attorney of record. The affidavit shall state:

"1. Whether he was at the time of the service of the garnishee summons indebted or under any liability to the defendant named in the notice in any manner or upon any account, specifying, if indebted or liable, the amount, the interest thereon, *the manner in which evidenced, when payable, whether an absolute or contingent liability, and all the facts and circumstances necessary to a complete understanding of such indebtedness or liability.* When the garnishee shall be in doubt respecting any such liability or indebtedness he may set forth all the facts and circumstances concerning the same, and submit the question to the court ...." (emphasis added).

2) 12 Okla.Stat. (1971) § 1177 provides:

"The answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated, with reference to his liability to the defendant unless the plaintiff shall within twenty days serve upon the garnishee of his attorney of record

... a notice ... that he elects to take issue on his answer."

■ Where such issue is not taken, the facts stated in the garnishee's answer must be accepted as true. *Central Loan & Trust Co. v. Campbell Commission Co.,* 173 U.S. 84, 19 S.Ct. 346, 43 L.Ed. 623 (1899); *Davis v. Lilly,* 17 Okl. 579, 87 P. 302 (1906); *Mason v. Miller,* 54 Okl. 46, 153 P. 187 (1916); *Archer-Daniels-Midland Co. v. McClarey,* 287 P.2d 900 (Okl., 1955); *American Employers Insurance Co. v. McGeehee,* 485 P.2d 754 (Okl., 1971).

3) 12 Okla.Stat. (1971) § 1186 which states in part:

"Fourth, By reason of any money or other thing owing from him to the defendant, unless before judgment against the defendant it shall become *due absolutely and without depending on any future emergency* (sic).

Judgment may be given for any money or other thing owing, although it has not become payable, in which case the garnishee shall not be required to pay or deliver it before the time appointed by the contract." (emphasis added)

■ 4) A contingent liability is a potential liability, not an *absolute* liability existing in the present, but one which may become an absolute liability upon the happening of a future event. *Warren Co. v. Commissioner of Internal Revenue,* 135 F.2d 679 (CA 5 1943). And for a debt to be deemed "owing absolutely" it cannot be contingent on any future event, except the "date due". *Smith v. Marker,* 90 S.W. 611, 6 Ind.T. 213 (1905), aff'd 154 F. 838 (CA 8 1906); *Helms v. State,* 137 Okl. 55, 280 P. 416 (1929); *Ray v. Paramore,* 170 Okl. 495, 41 P.2d 73 (1935). In *Ray v. Paramore,* supra, at 77 the court observed: "After all, the exact nature of an arrest or garnished debt may best be determined by the question: Could the defendants have maintained an action against the garnishee at the time the garnishment summons was served, to recover the debt or liability sought to be garnished, except for the mere fact that the time for payment of the debt

might have been fixed at a subsequent date?"

## CONCLUSION

Since neither the plaintiff nor the defendant objected to the answer, this Court must accept the answer of Sayre Ranch Lands, Inc. as establishing that $445,000.00 is in fact owed to the defendant Lister. However, to effectively garnish the debt must be "due absolutely". Significantly, the District Judge of Beckham County, Oklahoma did not have before him the basis upon which said debt was owed.

The debt was based on the two documents which have been attached to the proof of claim by trustee Abbott, in this matter. The first document is an assignment of contract, dated December 18, 1979, in which C. M. Crawford, President of the debtor herein, assigned a:

"½ interest in all of its rights title and interest in the certain contract entered into by it with Tom Christner and Sandra S. Christner, husband and wife, on the 16th day of November, 1978, a copy of which is hereby annexed as a part hereof, to Robert O. Lister, Jr. . . . .

3. It is further understood that this assignment is conditioned upon C. M. Crawford obtaining the consent of Tom Christner and Sandra S. Christner to this assignment."

The second document is an agreement and release dated April 22, 1980, between the debtor and the Listers. The operative portions state:

"1. The undersigned agrees to the sale of the property (Christner property) at any price above $4,000,000.00.

2. That the undersigned agrees that he will accept $500,000.00 in full payment for any interest he may have in the property, whether a fee interest, security interest or any other interest.

3. The undersigned agrees that the $500,000.00 will also satisfy any and all indebtedness owed to him or Marie Lister by C. M. Crawford."

 Thus the debt owed by Sayre Ranch Land to Lister was contingent in two areas. The first being the acceptance of the assignment of contract by the Christners. Such acceptance of the assignment does not appear in the record. Secondly the Christner property was to have been sold for more than $4,000,000.00 and there is no evidence that such event occurred prior to the garnishment or since. Actually, the bankruptcy court trustee proposed to sell the Christner property in his plan of reorganization.

Even if the Christner's agreement to the assignment of contract exists, the debt is still contingent upon the sale of the property for $4,000,000.00; and here as in the *Ray* case, supra, the Lister's could not have maintained an action against the garnishee until *after* the Christner property had been sold for at least $4,000,000.00.

IT IS THEREFORE ORDERED AND ADJUDGED that the debt owed by the debtor herein, to Robert O. Lister, Jr. and Marie Lister, is contingent in nature and not subject to garnishment; the proof of claim of John T. Haskins is invalid inasmuch as the garnishment is invalid; and the Haskins' claim is DISALLOWED.