**Shaun T. MILLER, Plaintiff–Appellant,**

v.

**AMERICAN TRUST INSURANCE COMPANY, LTD., Defendant–Appellee.**

No. 90–6234.

United States Court of Appeals, Tenth Circuit.

April 30, 1991.

Shapard and Shapard, Oklahoma City, Okl., and Robert L. Huckaby and D. Alan Erwin, Jr., Huckaby, Fleming, Frailey, Chaffin & Darrah, Chickasha, Okl., for plaintiff-appellant.

Alex Cheek and Tim N. Cheek, Cheek, Cheek, & Cheek, Oklahoma City, Okl., for defendant-appellee.

Before ANDERSON and TACHA, Circuit Judges, and KANE,* District Judge.

TACHA, Circuit Judge.

Plaintiff appeals from an order of the district court granting defendant's motion for summary judgment.[1]

---

* Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. . The case is therefore ordered submitted without oral argument.

In 1988, plaintiff was injured while riding a horse he had rented from the riding stables of CSB Riding Company, d/b/a Thunderbird Riding Stables (CSB). Plaintiff filed a personal injury action against CSB in state court and obtained judgment against CSB for $500,000. CSB did not have sufficient assets to satisfy the judgment.

In a separate state court action, plaintiff filed an affidavit for garnishment and caused a garnishment summons to be issued against defendant in which he alleged that CSB was insured by defendant American Trust Insurance Company, Ltd., despite the fact that defendant had refused to defend or indemnify CSB in state court. Defendant filed a garnishee's answer stating that it was not indebted to CSB. One month later, plaintiff filed a second garnishment summons against defendant. Defendant again filed an answer denying any indebtedness to CSB. Several months later, plaintiff filed a third affidavit for garnishment summons. Defendant answered denying indebtedness. Plaintiff filed his first notice to take issue on the answer. Defendant then removed the action to federal district court.

The district court granted defendant's motion for summary judgment, holding that absent a notice to take issue on the answer, defendant's answer to the first garnishment action was conclusive as to the truth of the facts contained therein. The court held plaintiff could not renew the garnishment proceedings because he had not made a sufficient showing that defendant had subsequently become liable. The court noted that while plaintiff would not be barred from reinstating garnishment proceedings upon such a showing, he had not made the required showing in the present case.

On appeal, plaintiff argues that (1) he could proceed against defendant on a new affidavit of garnishment; (2) defendant had waived all defenses by its answer; and (3) defendant could not move for summary judgment pursuant to Okla.Stat. tit. 12, § 1177.

■ A plaintiff may proceed against a defendant on a new affidavit of garnishment. However, Okla.Stat. tit. 12, § 1175 (1965) provides that a "plaintiff may … subsequently proceed against other garnishees, or against the same garnishees, upon a new affidavit, *if he shall have reason to believe they have subsequently become liable.*" (Emphasis added.)

Plaintiff, while citing this statute, fails to recognize that the statute requires that he have reason to believe that defendant has subsequently become liable. Plaintiff has not advanced any such reason aside from one conclusory and unpersuasive statement that "[b]y the terms of its answers, American Trust was not precluded from subsequently determining that coverage does indeed exist." Appellant's Brief at 7.

Plaintiff relies upon *Worsham Brothers Co. v. Federal Deposit Insurance Corporation,* 167 Ga.App. 163, 305 S.E.2d 816 (1983) to support his argument. In *Worsham Brothers*, the funds successfully garnished on a third summons, wages, differed from the funds at issue here in that wages are a continuously discharged and then reinstated obligation. The court held that the two earlier uncontested answers could not be challenged. Only wages from subsequent pay periods could be garnished to satisfy the indebtedness. *Id.* at 819. Here, the funds plaintiff sought to garnish remained the same. Plaintiff has not shown any change in circumstance which would create a new liability in defendant for the identical funds.

■ Plaintiff also argues that defendant waived all its defenses because it only denied liability in its answer. Defendant's general denial of all liability is sufficient for our purposes here. Okla.Stat. tit. 12, § 1176 (1986) provided that a garnishee need assert in its answer only that it was "in no manner liable as garnishee." *See, e.g.,* Okla.Stat. tit. 12, § 1173.3 (1986) (general garnishment summons required defendant to answer whether it was indebted to, or had in its possession or control, any property belonging to CSB).

■ Not only was defendant's answer sufficient, but, because plaintiff filed no notice to take issue with the answer, the

answer was conclusive as to the truth of the facts asserted therein. *See* Okla.Stat. tit. 12, § 1177 (1965)[2]; *see also London & Lancashire Indem. Co. v. Courtney*, 106 F.2d 277, 280 (10th Cir.1939) ("[t]he answer of the garnishee, no issue having been properly joined as to the truthfulness thereof, was conclusive of the truth of the facts therein stated."); *Davis v. .Lilly*, 17 Okla. 579, 87 P. 302, 304 (1906) ("since the garnishee ... answered that he was not indebted to the defendant in any manner, and the plaintiff failed to give the statutory notice that he elected to take issue on the answer, the conclusiveness of the facts therein stated would not be questioned in any subsequent proceeding"). Because plaintiff has not asserted a valid claim here, the availability or validity of any affirmative defenses defendant did not raise is moot.[3]

Finally, plaintiff argues that this court has held that a defendant may not move for summary judgment under Okla.Stat. tit. 12, § 1177 (1965). *See Orozco v. Smith*, Unpublished No. 87–1378 (10th Cir. filed Oct. 24, 1988), slip op. at 7. Initially, we note that "[u]npublished opinions and orders and judgments of this court have no precedential value and shall not be cited ... except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel." 10th Cir.R. 36.-3. Further, in *Orozco*, this court held that we were "doubtful" whether defendant's motion for summary judgment made *before* the statutory response period had expired was proper. We see no bar to a defendant moving for summary judgment after all statutory response periods have expired and the issue is properly joined before the court.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. Defendant's motion for double costs and attorney's fees is DENIED.

---

**2.** The answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated,

    with reference to his liability to the defendant unless the plaintiff shall within twenty (20) days serve ... a notice in writing that he elects to take issue on his answer.... The plaintiff may in all cases move the court, upon the answer of the garnishee, and of the defendant, if he shall also answer, for such judgment as he shall be entitled to thereon, but any such judgment shall be no bar beyond the facts stated in such answer.

**3.** We note that plaintiff has cited no authority either by statute or case law indicating that a general answer as filed here affects any waiver of affirmative defenses.