NORWEST COLORADO, INC., Appellee,

v.

PARTRIDGE CAPITOL CORPORATION, Appellant,

and

Joe R. Love, Defendant.

No. 84417.

Court of Appeals of Oklahoma, Division No. 3.

Jan. 31, 1995.

James H. Bellingham, Oklahoma City, for appellant.

Terry Stokes, David Pomeroy, Oklahoma City, for appellee.

## OPINION

HUNTER, Judge:

Appellant, Partridge Capitol Corporation (Garnishee), seeks review of the trial court's order which granted summary judgment to Appellee, Norwest Colorado, Inc. (Creditor). Garnishee did not dispute any of the facts as set forth in Creditor's motion for summary judgment. The undisputed facts are as follows.

Creditor obtained judgment against Defendant, Joe R. Love (Love) in a Colorado action, which was domesticated in Oklahoma County, Oklahoma, for $192,539.08. Love is the only employee of Garnishee, a corporation nominally owned by trusts set up for Love's five sons. Love receives a monthly "draw" from Garnishee in the amount of $1,500.00 per month. After domesticating the judgment, Creditor filed its motion, under 12 O.S.1991, § 850, for an order compelling Love to make monthly installment payments on the debt in at least the minimum amount of $375.00 per month. Before an order issued on such motion, Creditor served a continuing wage garnishment on Garnishee, seeking wages due or becoming due to Love in the six months following service of the summons.[1] Garnishee answered the Garnishment, admitting it employed Love but asserting that no wages were owed to Love by Garnishee.

On August 27, 1993, the trial court entered an order compelling Love to make installment payments to Creditor in the amount of $350.00 to be received on the first day of each month beginning September 1, 1993. The order further provides:

> For as long as Love's payments to Norwest are current, and Love's draw from Partridge Capitol Corporation shall not exceed $1,500.00 per month, the payments as ordered herein shall be in lieu of further garnishments on Love's draw from Partridge.

dated August 4, 1993.

---

1. The garnishee summons and affidavit were issued July 29, 1993 and Garnishee's answer was

For the months of September, 1993 through January, 1994, Creditor received five installment payments, some of which were not timely paid in accordance with the court's order.[2] In September, October and November of 1993, in violation of the court's order, Love received wages from Garnishee in excess of $1,500.00 per month. On December 24, 1993, Love received a bonus from Garnishee in the amount of $250,000.00. Garnishee did not withhold and pay any amounts from Love's wages to Creditor for the period covered by the garnishment (July 30, 1993–January 30, 1994). In its motion for summary judgment, Creditor sought $65,318.49 from Garnishee, 25% of the amount of wages paid to Love in the six month garnishment period.

In its response, Garnishee contended it was not liable under this garnishment and was entitled to judgment as a matter of law because either (1) the garnishment served upon it in July, 1993 was discontinued by operation of law under 12 O.S.1991, § 1176, or, (2) the August, 1993, order for installment payments contemplated only Creditor's right to issue future garnishments and did not "resurrect" the July, 1993, garnishment. The same arguments were made in Garnishee's motion for new trial, and in addition, Garnishee asserts the garnishment was released under 12 O.S.1991, § 1173.4(G) because the order for installment payments modified the underlying judgment.

■ Garnishee maintains that under 12 O.S.1991, § 1176, Creditor was required to file its notice of election to take issue with its answer or the garnishment would be automatically discontinued. Section 1176 provides:

> Within ten (10) days from the service of such garnishee summons the garnishee may, if the truth warrant, file with the clerk of the court in which the action is pending his affidavit on a form prescribed by the Administrative Office of the Courts. At the time the garnishee files such affidavit, he shall deliver or mail a copy of the affidavit to the plaintiff or the plaintiff's

attorney of record. Upon said filing and delivery or mailing, the proceedings against such garnishee shall be deemed discontinued, unless within twenty (20) days from the filing of such answer the plaintiff serve notice on such garnishee that he elects to take issue on his answer as garnishee, and will maintain him to be liable as garnishee.

■ This general garnishment statute, along with many of this State's other statutes relating to attachment and garnishment, was first adopted in 1910 from Kansas law. Under Section 1176, the answer of the garnishee is conclusive of the truth of the facts therein stated unless the plaintiff serves on the garnishee within 20 days, notice that he elects to take issue on the garnishee's answer. Where the garnishee has answered that he is not indebted to the debtor, and the plaintiff fails to give statutory notice that he elects to take issue on such answer, the trial court has the duty to discharge the garnishment proceedings. *Archer–Daniels–Midland Company v. McClarey*, 287 P.2d 900 (Okla.1955). The garnishment proceedings in the present case, however, were commenced under 12 O.S. 1991, § 1173.4, enacted by our Legislature in 1989. This section provides in pertinent part:

> A. Any judgment creditor may obtain a continuing lien on wages. For the purposes of this section, "wages" or "earnings" means any form of periodic payment to an individual including, but not limited to, salary, commission, or other compensation, but does not include reimbursements for travel expenses for state employees.
>
> B. A continuing wage garnishment shall be commenced by filing the affidavit provided for by Section 1172 of Title 12 of the Oklahoma Statutes.
>
> *    *    *    *    *    *
>
> F. Within seven (7) days after the end of *each pay period,* the garnishee shall pay the amount withheld into court, to the plaintiff or the plaintiff's attorney *together with an affidavit* which shall state:

---

**2.** Love violated the installment order by failing to make the September, 1993, December, 1993, and January, 1994 payments timely. Love further violated the installment order by failing to make any installment payments after January 3, 1994.

1. Whether he was the employer of or *indebted or under any liability to the defendant* named in the notice in any manner or upon any account for earnings or wages, specifying the beginning and ending dates of the pay period existing at the time of the service of the affidavit and summons, the total amounts earned in the entire pay period, and all the facts and circumstances necessary to a complete understanding of such indebtedness or liability. When the garnishee shall be in doubt respecting any such liability or indebtedness he may set forth all the facts and circumstances concerning the same, and submit the question to the court;

\*     \*     \*     \*     \*     \*

G. The garnishment summons, affidavit and answer served on the garnishee under this section are a lien on the defendant's property due at the time of service or the effective date of the summons, to the extent the property is not exempt from garnishment. *This lien attaches to subsequent nonexempt property until: (a) the total property subject to the lien equals the balance of the judgment against the defendant owing to the plaintiff; (b) the employment relationship is terminated; (c) the judgment against the defendant is vacated, modified, or satisfied in full; (d) the summons, affidavit and answer to garnishment lien are dismissed; or (e) until one hundred eighty (180) days from the date of service of the affidavit and summons have elapsed;* provided, an affidavit and summons shall continue in effect and shall apply to a pay period beginning before the end of the one hundred eighty-day period even if the conclusion extends beyond the end of the period; whichever occurs first.

\*     \*     \*     \*     \*     \*

I. A continuing wage garnishment may be suspended or modified for a specific period of time by the judgment creditor upon agreement with the judgment debtor, which agreement shall be in writing and filed by the judgment creditor with the clerk of the court in which the judgment was entered, and a copy of which shall be mailed by first-class mail, postage prepaid by the judgment creditor to the garnishee.

\*     \*     \*     \*     \*     \*

■ Garnishee's affidavit admitted Love was its employee, that Love was paid on commission and that Garnishee was not then indebted or under any liability to Love. Creditor did not take issue with Garnishee's affidavit. We hold, however, that Creditor was not required to take issue with Garnishee's affidavit for the following reasons. First, under continuing wage garnishment, Garnishee was required to withhold not more than 25% of Love's disposable earnings for each pay period during the time the summons is effective, in this case six months. With each monthly payment, Garnishee is required to file an affidavit as provided in § 1173.4(F). Garnishee has a continuing responsibility by statute during the six-month period, to file affidavits addressing its liability to Love. Although a garnishee may not be indebted to an employee on the date the first garnishment summons issues, through the employment relationship it is expected that the garnishee will become liable to the debtor for future wages. Unlike the general garnishment statutes which contemplate a single summons and answer, the continuing garnishment statute requires multiple responses.

Second, the statute specifically outlines the five contingencies which end the garnishment lien. 12 O.S.1991, § 1173.4(G). Failure to controvert a garnishee's answer is not enumerated. Accordingly, we hold Creditor's failure to take issue with Garnishee's affidavit did not end the garnishment by operation of law.

■ Garnishee further contends the garnishment was dissolved by reason of the trial court's order for installment payments. The motion for the order directing installment payments was made before garnishment was sought and pursuant to 12 O.S.1991, § 850.[3]

---

**3.** 12 O.S.1991, § 850 provides in part:

"The judge after the hearing provided herein may order any property of the judgment debtor,

Creditor and Love reached agreement regarding installment payments, as reflected in the court's order. Payments of $350.00 were ordered until Creditor's judgment was satisfied in full or until the court ordered otherwise. Regarding the existing garnishment, the order provided that as long as Love's payments to Creditor were current and Love's draw from Garnishee did not exceed $1,500.00 per month, the payments ordered "shall be in lieu of further garnishments on Love's draw" from Garnishee. Garnishee contends the language regarding "further garnishments" pertains only to subsequent garnishments instituted by new summons and affidavit and that the trial court's order released and discontinued the existing garnishment.

The trial court's order, based on Creditor and Love's agreement, did not discontinue or dissolve the existing continuing garnishment lien. At most, the order modified or suspended Garnishee's responsibility under the existing lien for so long as Love complied with the order.[4] It is undisputed Love did not make payments on time and received compensation from Garnishee in amounts exceeding $1,500.00 per month. The use of the term "further garnishments" did not dissolve the existing garnishment lien: it simply suspended the remaining continuing garnishments authorized under the existing garnishment summons and affidavit. There are five statutory contingencies which may end the garnishment lien. 12 O.S.1991,

§ 1173.4(G). None of these events happened in this case.[5]

We find no error by the trial court in denying Garnishee's Motion for New Trial. The judgment of the trial court is therefore, AFFIRMED.

GARRETT, C.J., and ADAMS, J., concur.

---

not exempt by law, in his possession or under his control to be applied toward the satisfaction of the judgment, and may enforce the same by proceedings for contempt in case of refusal or disobedience. The judge may further order the judgment debtor to pay to the judgment creditor or apply on the judgment in installments, such portion of his non-exempt income, however or wherever earned or acquired, as the court may deem proper after due regard for any payments required to be made by the judgment debtor by virtue of law or prior order of a court or under wage assignments outstanding. * * * The court may, from time to time, modify an order made under this section upon application of either party upon notice to the other. * * *"

4.  12 O.S.1991, § 1173.4(I) provides for the *suspension or modification* of a continuing wage garnishment for a specific period of time upon agreement by the judgment creditor and the judgment debtor.

5.  Garnishee argued in its motion for new trial that the trial court's order for installment payments *modified the underlying judgment*, which released the garnishment. Under 12 O.S.1991, § 1173.4(G)(c), the garnishment lien attaches to nonexempt property until the judgment against the defendant is vacated, modified or satisfied in full. The underlying judgment is Creditor's domesticated judgment against Love for the principal amount of $192,539.08. The installment order issued under 12 O.S.1991, § 850 is simply an order providing for the *satisfaction* of the underlying debt. It did not modify the underlying domesticated judgment against Love. There is no evidence the judgment against Love has been vacated, modified or satisfied in full.