2011 OK CIV APP 115

Gary R. HORWITZ, Plaintiff/Appellee,

v.

Elena DOUBENSKAIA,
Defendant/Appellant,

v.

Joel L. Carson, as Trustee of the Gary R.
Horwitz Trust, Garnishee/Appellee.

No. 107,750.

Court of Civil Appeals of Oklahoma,
Division No. 2.

Aug. 16, 2011.

Rehearing Denied Sept. 28, 2011.

Leslie G. Sparks, Leslie G. Sparks, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellee.

Cynthia J. Becker, Doerner, Saunders, Daniel & Anderson, L.L.P., Oklahoma City, Oklahoma, and Lewis N. Carter, Doerner, Saunders, Daniel & Anderson, L.L.P., Tulsa, Oklahoma, for Defendant/Appellant.

Jon H. Trudgeon, Matthew W. Brockman, Hartzog Conger Cason & Neville, Oklahoma City, Oklahoma, for Garnishee/Appellee.

JOHN F. FISCHER, Vice–Chief Judge.

¶ 1 Defendant/Appellant Elena Doubenskaia appeals an order of the district court denying her motion to allow levy and execution against Garnishee Joel Carson, as trustee of the Gary R. Horwitz Trust. Doubenskaia further appeals the district court's grant of Garnishee's motion for attorney fees and costs. On review of the record and applicable law, we affirm the district court.

## BACKGROUND

¶ 2 This case began as a post-judgment collection action. Doubenskaia obtained a journal entry of judgment against Plaintiff Horwitz, and attempted to collect the judgment by initiating garnishment proceedings against Garnishee. Doubenskaia first sought to collect her judgment by filing a garnishment summons and affidavit directed to the Garnishee on April 9, 2004. On April 16, Garnishee filed a response to the garnishment summons objecting to the allegation that Doubenskaia was entitled to prejudgment interest on the damage award, and also filed a garnishee's answer/affidavit, stating that the Garnishee was not in any manner liable for the judgment owed to Doubenskaia

by Horwitz. Doubenskaia filed a reply to the Garnishee's answer on April 21, addressing only the Garnishee's objection to the claim for prejudgment interest. On April 30, Garnishee filed an answer to Doubenskaia's reply, again objecting to Doubenskaia's claim to prejudgment interest. Doubenskaia filed an "amended post-garnishment summons" on May 10, apparently without obtaining leave of the court. On June 10, Garnishee filed a response to the "amended" summons reasserting its previous positions. No trial was had on the matter and no further proceedings occurred.

¶ 3 Doubenskaia filed a second garnishment proceeding against the Garnishee on June 3, 2004. The Garnishee's answer was filed on June 16, again asserting the Trust held no assets belonging to Horwitz. In response, Doubenskaia filed for the first time a judgment creditor's "notice in writing that the judgment creditor elects to take issue with the garnishee's answer" on July 7, 2004, pursuant to 12 O.S.2001 § 1177. Doubenskaia did not pursue the action and no trial was had on the matter.[1]

¶ 4 Doubenskaia filed a fourth garnishment proceeding on December 18, 2008. Garnishee's answer was filed on December 23 and again asserted that the Trust was not liable for Horwitz's debt, and that the trustee had issued no funds to Horwitz. Doubenskaia's second "notice of election" was filed on January 12, 2009, and included a request that the matter be set for trial. Subsequently, both parties filed motions for summary judgment. The district court granted Garnishee's motion and entered judgment for the Garnishee. Within ten days, Doubenskaia filed a motion to reconsider.[2] That motion was denied and Doubenskaia did not appeal.

¶ 5 On August 31, 2009, Doubenskaia filed her motion to allow levy and execution on all of Horwitz's assets held in the Trust, and to alienate the value of all benefits Horwitz received from the Trust. Doubenskaia's motion sought to invalidate the Trust and use the assets to satisfy her judgment against Horwitz. The district court denied the motion, finding Garnishee was entitled to judgment on all claims against the Trust. The district court then granted Garnishee's motion for attorney fees. Doubenskaia appeals both orders of the district court.[3]

## STANDARD OF REVIEW

¶ 6 In garnishment proceedings "[t]he court shall render such judgment in all cases as shall be just to all of the parties and shall properly protect their respective interests...." 12 O.S.2001 § 1182. On review, "there is a presumption in favor of the trial court's finding and the judgment will be affirmed unless the findings are clearly against the weight of the evidence." *Spears v. Preble*, 1983 OK 8, ¶ 21, 661 P.2d 1337, 1342.

¶ 7 "A trial court's attorney fees award is reviewed for abuse of discretion. An abuse of discretion occurs when a decision is based on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling." *Spencer v. Oklahoma Gas & Elec. Co.*, 2007 OK 76, ¶ 13, 171 P.3d 890, 895. *See Abel v. Tisdale*, 1980 OK 161, ¶ 20, 619 P.2d 608, 612.

## ANALYSIS

¶ 8 Doubenskaia claims the district court erred by denying the motion to execute and levy on trust assets, because the trust should be dissolved and its assets used to satisfy the

---

1. A third garnishment proceeding was initiated on June 25, 2004, with the same result. On June 30, 2005, Garnishee filed a motion to quash Doubenskaia's subpoena duces tecum requesting documents from the Trust, claiming that the Trust was not required to produce certain documents, including bank statements and tax filings. The court sustained the motion over Doubenskaia's objection. Neither of these proceedings is determinative of this appeal.

2. "A 'motion to reconsider' does not exist in the nomenclature of Oklahoma's statutory pleading

scheme," but "may be judicially considered as a 12 O.S. § 651 motion for new trial or a term-time motion to vacate pursuant to 12 O.S. § 1031.1." *McMillian v. Holcomb*, 1995 OK 117, n. 3, 907 P.2d 1034.

3. On appeal Doubenskaia attempted to file an "Exhibit A to Appellant's Reply Brief." This filing is not in compliance with Oklahoma Supreme Court Rule 1.11(i), 12 O.S.2001, ch. 15, app. 1, and it is therefore stricken from the record.

judgment against Horwitz. Doubenskaia argues the Trust should be dissolved because: Horwitz's interest in the Trust is alienable and subject to claims of creditors; the Trust is revocable and therefore its assets should be considered Horwitz's assets; the Trust fails for a lack of a definite class of remainder beneficiaries; and, the Trust violates the rule against perpetuities. For the reasons discussed in this Opinion, we find we are precluded from addressing these claims on appeal. Doubenskaia further claims it was error for the district court to grant Garnishee's motion for attorney fees and costs, because pursuant to the language of the statute authorizing the award, Garnishee should only be entitled to recover costs and not attorney fees.

## I. Motion to Levy and Execute

### A. Garnishee's Preclusion Argument

 ¶ 9 We first address Garnishee's argument that Doubenskaia should be denied relief because her claim is barred by the doctrine of claim or issue preclusion.[4] Issue preclusion is the appropriate doctrine in this case.[5] Garnishee relies on the district court's order granting its motion for summary judgment as to Doubenskaia's fourth garnishment proceeding and the denial of Doubenskaia's motion to reconsider that order. Garnishee correctly points out that Doubenskaia did not appeal those orders and they are now beyond review in this Court. *See* 12 O.S.2001 § 990A. However, we cannot accept Garnishee's argument that Doubenskaia's failure to appeal the summary judgment order bars her from any relief.

 ¶ 10 "[O]nce a court has decided an issue of fact or law necessary to its judgment, the same parties . . . may not relitigate

that issue in a suit brought upon a different claim." *Oklahoma Dep't of Pub. Safety v. McCrady*, 2007 OK 39, ¶ 7, 176 P.3d 1194, 1199. "[I]ssue preclusion operates to bar from relitigation both correct and erroneous resolutions of jurisdictional and nonjurisdictional challenges." *Id.* Doubenskaia did not appeal the order granting Garnishee's motion for summary judgment, or the order denying the motion to reconsider. However, the only issue resolved by the district court's summary judgment order was whether Doubenskaia was entitled to collect her judgment against Horwitz from the Trust based on the facts existing when summary judgment was granted. "The doctrine [of issue preclusion] may not be invoked if the party against whom the earlier decision is interposed did not have a 'full and fair opportunity' to litigate the critical issue in the previous case." *Id.* (citations omitted). Doubenskaia had a full and fair opportunity to litigate whether, as of the date of the district court's orders, the Trust held any assets belonging to Horwitz which would be subject to garnishment to satisfy Doubenskaia's judgment. Any other relief to which she may be entitled was not resolved in that proceeding. Therefore, the district court's order granting summary judgment does not necessarily resolve Doubenskaia's motion to levy and execute on Trust assets.

### B. Garnishment Procedure Argument

 ¶ 11 Garnishee also argues that Doubenskaia's motion to levy and execute is barred by her failure to take issue with Garnishee's first answer to the garnishment summons and affidavit, filed on April 16, 2004. The relevant statute provides:

> The answer of the garnishee shall in all cases be conclusive of the truth of the facts

---

4. Garnishee claims the issue of whether the Trust is liable for Horwitz's debts was decided by the district court's granting the motion to quash Doubenskaia's subpoena requesting production of trust documents. We decline to accept the argument that this amounts to a full and fair litigation of the claim that the Trust should be pierced to satisfy the judgment against Horwitz.

5. "Claim preclusion operates to bar relitigation by the parties or their privies of issues which either were or could have been litigated in a prior action which resulted in a final judgment

on the merits." *Deloney v. Downey*, 1997 OK 102, ¶ 17, 944 P.2d 312, 318. "In other words, where the two causes of action are the same the first judgment is a complete bar to the second action." *State ex rel. Tal v. City of Oklahoma City*, 2002 OK 97, ¶ 20, 61 P.3d 234, 245. Here, the order granting summary judgment is not a bar to a subsequent garnishment proceeding against the Trust should it acquire assets belonging to Horwitz that would be subject to execution to satisfy Doubenskaia's judgment.

therein stated, with reference to the garnishee's liability to the defendant unless the judgment creditor shall within twenty (20) days from the receipt of the garnishee's answer ... serve upon the garnishee ... a notice in writing that the judgment creditor elects to take issue with the garnishee's answer; in which case, the issue shall stand for trial as a civil action in which the affidavit on the part of the judgment creditor shall be deemed the petition and the garnishee's answer the answer thereto.

12 O.S.2001 § 1177. Doubenskaia filed her first garnishment affidavit on April 9, 2004. On April 16, the Garnishee filed an answer stating that the Garnishee did not hold "title or possession of real estate or other interest in land" or "personal property" belonging to Horwitz, or "have in his possession or under his control any property belonging to" Horwitz. The answer further states that the "Garnishee is the trustee of an irrevocable trust that makes no obligation on the trustee to pay any amount to the debtor," and that the Garnishee is in no manner indebted to or under liability to Horwitz. Garnishee argues these assertions became "conclusive of the truth of the facts therein stated, with reference to the garnishee's liability to the defendant" when Doubenskaia failed to file and serve a notice on the Garnishee that she was electing to take issue with the statements in the Garnishee's answer.

■ ¶ 12 Doubenskaia argues that her filing of a "Reply to Plaintiff's Response to Continuing Post Judgment Garnishment Summons" on April 21 brings her into compliance with the procedures required by statute, and that as a result, the facts asserted in the Garnishee's answer should not be deemed "conclusive of the truth of the facts" stated in the answer. However, Doubenskaia's Reply only addressed the issue of whether she was entitled to prejudgment interest. It does not take issue with the Garnishee's claim that he is not liable for Horwitz's debts. Doubenskaia provides no authority for the argument that her Reply is an acceptable substitute for the notice of election required by section 1177, and we find this argument unpersuasive. *See First Nat'l Bank of McAlester v. Mann*, 1965 OK 127,

¶ 31, 410 P.2d 74, 83. If "a garnishee has answered that he is not indebted to the defendant in any manner, and the plaintiff fails to give the statutory notice that he elects to take issue on such answer, it is the duty of the trial court to discharge the garnishee." *Archer–Daniels–Midland Co. v. McClarey*, 1955 OK 221, ¶ 5, 287 P.2d 900, 901. *See Norwest Colorado, Inc. v. Partridge Capitol Corp.*, 1995 OK CIV APP 19, ¶ 7, 891 P.2d 624, 626.

¶ 13 Doubenskaia next argues that even if the failure to file a notice of election results in a confession of the truth of the facts asserted in the Garnishee's answer, she is not barred from initiating subsequent garnishment proceedings against the same Garnishee. She relies on 12 O.S.2001 § 1175: "The judgment creditor may in like manner subsequently proceed against other garnishees, or against the same garnishees, upon a new affidavit, if the judgment creditor shall have reason to believe they have subsequently become liable." The United States Court of Appeals for the Tenth Circuit addressed this argument in *Miller v. American Trust Insurance Company*, 931 F.2d 703 (10th Cir. 1991). In *Miller*, the plaintiff filed a garnishment affidavit pursuant to Oklahoma's garnishment statutes against defendant insurance company, claiming it was obligated to satisfy a judgment owed to plaintiff by an entity plaintiff claimed was insured by the garnishee. The garnishee answered, denying that it was obligated to satisfy the debt. In response, the plaintiff filed a second and then a third garnishment affidavit before filing a notice of election to take issue with the garnishee's answer. Because plaintiff's notice of election was not timely filed, the district court found the garnishee's answer "was conclusive as to the truth of the facts contained therein." *Id.* at 704. The Tenth Circuit affirmed relying on section 1175. Because "the funds plaintiff sought to garnish remained the same" as those sought in the early garnishment affidavits, and because plaintiff failed to demonstrate "any change in circumstance which would create a new liability in defendant," the court agreed with the district court's holding that "plaintiff could not renew the garnishment proceedings be-

cause he had not made a sufficient showing that defendant had subsequently become liable." *Id.* at 704–05.

¶ 14 We find the facts in *Miller* sufficiently similar to warrant application of the Tenth Circuit's analysis in this case. Correctly interpreted, section 1175 permits a party to file subsequent garnishment proceedings against the same garnishee only if there is a basis for believing that the garnishee has subsequently become liable. Subsequent to the termination of the first garnishment proceeding, Doubenskaia has not alleged nor shown any change in circumstance that might make the Trust liable for Horwitz's debt. Absent some change in circumstance that would create new liability, Doubenskaia cannot continue to file subsequent garnishment proceedings against the same garnishee.

¶ 15 The Oklahoma Supreme Court has addressed the district court's discretion to permit a party to file a notice of election after the time limit provided by section 1177 has expired. *See, e.g., Spears v. Preble*, 1983 OK 8, ¶¶ 13–14, 661 P.2d 1337, 1341; *Underwriters v. Cannon*, 1975 OK 103, ¶¶ 13–14, 538 P.2d 210, 212. Interpreting section 1177, the *Spears* court held: "Statutes circumscribing intervals during which pleadings may be filed have generally been construed to fix a limit beyond which the pleading may not be filed without permission," and it is in the discretion of the district court to grant an "[e]xtension of time to file an election to take issue with the answer of the garnishee." [6] This "established rule" was recently affirmed in *Mulford v. Neal*, 2011 OK 20, ¶ 45, 264 P.3d 1173 (not yet released for publication). In this case, however, after failing to take issue with the Garnishee's answer in her first garnishment proceeding, Doubenskaia never sought leave of the court to file a notice of election nor did she seek leave of court to file an amended garnishment summons after the time limit provided in section 1177 had expired. Rather, Doubenskaia continued to file subsequent garnishment summonses and affidavits that make essentially the same allega-

tions as the first. "Where a pleading is filed out of time, without permission of the court, or agreement of opposing counsel, it may be treated as a nullity, otherwise acts regulating the time of pleading would be nugatory." *State Nat'l Bank v. Lowenstein*, 1915 OK 892, ¶ 0, 155 P. 1127 (Syllabus 2). Because Doubenskaia did not allege any change in circumstance after her first garnishment proceeding, and because she did not obtain leave of court to file any subsequent garnishment proceeding, Doubenskaia's failure to take issue with the facts asserted in the Garnishee's answer establishes the truth of the matters asserted therein. As a result, the district court correctly denied Doubenskaia's motion to levy and execute.

## II. Attorney Fee Award

¶ 16 Doubenskaia also argues that the district court erred by awarding Garnishee attorney fees pursuant to 12 O.S. Supp.2010 § 1190. Doubenskaia's contention is that the statute should be interpreted to authorize an award of attorney fees only in cases involving a trial. Doubenskaia claims that because this case was adjudicated summarily Garnishee is not entitled to attorney fees.

¶ 17 Pursuant to the "firmly established" American Rule followed in Oklahoma, a prevailing party is only entitled to an attorney fee if specifically authorized. *Barnes v. Oklahoma Farm Bureau Mut. Ins. Co.*, 2000 OK 55, ¶ 46, 11 P.3d 162, 178–79. *See City Nat'l Bank & Trust Co. v. Owens*, 1977 OK 86, 565 P.2d 4. A question of whether a statute authorizes award of an attorney fee is one of statutory interpretation. *See Fulsom v. Fulsom*, 2003 OK 96, 81 P.3d 652. "A legal question involving statutory interpretation is subject to *de novo* review...." *Heffron v. Dist. Court of Oklahoma County*, 2003 OK 75, ¶ 15, 77 P.3d 1069, 1076 (citing *Samman v. Multiple Injury Trust Fund*, 2001 OK 71, ¶ 8, 33 P.3d 302, 305).

¶ 18 The district court awarded Garnishee attorney fees based on 12 O.S. Supp.2010 § 1190.[7] The statute provides:

---

6. In *Spears*, because an extension of time to file a notice of election was discretionary, rather than jurisdictional, the Court found no error with the district court's decision to grant an extension for

filing a notice of election. 1983 OK 8, ¶¶ 13–14, 661 P.2d at 1341.

7. Garnishee requested $21,260 in attorney fees and $556.23 in costs. The district court held a

In case of the trial of any issue between the judgment creditor and any garnishee, costs shall be awarded to the judgment creditor and against the garnishee, in addition to the garnishee's liability, if the judgment creditor recovered more than the garnishee admitted by the garnishee's answer; and if the judgment creditor does not, the garnishee shall recover costs from the judgment creditor. The costs shall include a reasonable attorney's fee to be taxed in favor of the prevailing party.

12 O.S. Supp.2010 § 1190(B)(1). Doubenskaia contends that because no trial occurred, subsection C of the statute should apply, which provides: "In all other cases under this article not expressly provided for, the court may, in its discretion, award costs in favor of or against any party." *Id.* § 1190(C). Doubenskaia provides no authority for the proposition that the resolution of a garnishment proceeding by summary judgment should be treated differently than the resolution of the case by trial. We need not consider arguments in a party's brief without citations to authority. Oklahoma Supreme Court Rule 1.11(k)(1), 12 O.S.2001, ch. 15, app. 1. *See First Nat'l Bank of McAlester v. Mann,* 1965 OK 127, ¶ 31, 410 P.2d 74, 83.

■ ¶ 19 Nonetheless, we find the statute should not be construed as Doubenskaia contends. "Summary judgment is an adjudication on the merits of the controversy." *Oklahoma Pub. Employees Ass'n v. Oklahoma Dep't of Central Servs.,* 2002 OK 71, ¶ 6, 55 P.3d 1072, 1076. "A final judgment in an action decided by summary process is no less a judgment than one rendered after trial on the merits. Both judgments conclusively adjudicate the respective rights of the parties." *Stroud Nat'l Bank v. Owens,* 2006 OK CIV APP 37, ¶ 36, 134 P.3d 870, 880. We further note that cases awarding attorney fees pursuant to section 1190 have not distinguished between cases involving a trial and cases adjudicated summarily. *See Harkrider v.*

*Posey,* 2000 OK 94, 24 P.3d 821 (affirming an award of attorney fees pursuant to the statute after an order granting summary judgment); *Phillips v. Estate of Greenfield,* 1993 OK 110, 859 P.2d 1101 (affirming attorney fee award upon affirmation of the district court's grant of summary judgment); *McElmurry v. Garbow,* 2005 OK CIV APP 38, 116 P.3d 198 (affirming attorney fee award and awarding appeal-related attorney fees). Properly construed, 12 O.S. Supp.2010 § 1190(B)(1) authorizes an award of attorney fees to the prevailing party when the conditions provided by the statute are met whether the matter is resolved by trial or by summary adjudication. Consequently, the district court did not err by awarding attorney fees to Garnishee pursuant to the statute, and that order is affirmed.[8]

### III. Appeal-related Attorney Fees

■ ¶ 20 Both parties request appeal-related attorney fees. "Appeal related attorney fees may be awarded in cases where there is statutory authority to award a fee for legal services rendered in the underlying cause." *Spencer v. Oklahoma Gas & Elec. Co.,* 2007 OK 76, ¶ 29, 171 P.3d 890, 899. *See Sisney v. Smalley,* 1984 OK 70, ¶ 20, 690 P.2d 1048, 1051. Because we have held that the district court was correct in awarding Garnishee attorney fees pursuant to 12 O.S. Supp.2010 § 1190, Garnishee has established his right to appeal-related attorney fees. Garnishee's motion for appeal-related attorney fees is granted. On remand, the district court shall conduct a hearing to determine a reasonable attorney fee for appeal-related legal services in accordance with *State ex rel. Burk v. City of Oklahoma City,* 1979 OK 115, 598 P.2d 659. Doubenskaia's motion for appeal-related attorney fees is denied.

### CONCLUSION

¶ 21 Doubenskaia appeals the district court's order denying her motion to allow

---

hearing to determine reasonable attorney fees, and awarded Garnishee $17,452 in attorney fees and $63 in costs. The amount of those fees is not challenged by Doubenskaia.

**8.** Doubenskaia further claims the award of attorney fees was improper because the district court

erred by granting summary judgment on the claims against the Trust. As discussed in Part I.A, the order granting summary judgment was not appealed and is not properly before this Court on appeal.

levy and execution, and granting the Garnishee's motion for attorney fees. Because Doubenskaia failed to file a notice of election to take issue with the Garnishee's first answer, the facts asserted therein are deemed to be true. Therefore, absent leave of court or a showing of change in circumstance rendering the Trust subject to garnishment, Doubenskaia is barred from relitigating the issues resolved in the summary judgment proceedings that were not appealed. Doubenskaia has failed to establish either. The district court correctly denied Doubenskaia's motion to levy and execute. Further, Doubenskaia has failed to show any error in the district court's order granting the Garnishee's motion for attorney fees. The decisions of the district court that are the subject of this appeal are affirmed.

¶ 22 **AFFIRMED.**

BARNES, P.J., and WISEMAN, J., concur.